UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Shawana Harris ("Ms. Harris"), Michele Elwell ("Ms. Elwell"), Arnold Baker ("Mr. Baker"), and Morris Kahn ("Mr. Kahn"), move for summary judgment dismissing all claims against them with prejudice.

**I.    Factual Background**

Plaintiff, Complete Logistical Services, LLC ("CLS") brought this action against Ms. Harris, Ms. Elwell, Mr. Baker, and Mr. Kahn (collectively, the "non-Rulh Defendants"), alleging that they misappropriated alleged trade secrets of CLS – the materials listed in the Complaint, Doc. No. 1, at ¶42 (the "Alleged Trade Secrets"). CLS alleges that they acquired such Alleged Trade Secrets by improper means, "including without limitation by receiving information from [Donald] Rulh under circumstances which they knew or should have known to be improper."[1] CLS further alleged that the non-Rulh Defendants intend to use and did use CLS's trade secrets.[2] However, the non-Rulh Defendants did not acquire the Alleged Trade Secrets by any improper

---

[1] Complaint, Doc. No. 1, at ¶62.

[2] *Id.* at ¶63.

means. Ms. Harris and Ms. Elwell never even received or possessed the Alleged Trade Secrets.[3] Mr. Baker and Mr. Kahn were simply sent emails containing the Alleged Trade Secrets – they did not acquire them through any improper means. Mr. Baker and Mr. Kahn had no prior knowledge that Mr. Rulh would send them the emails containing the Alleged Trade Secrets.[4] Mr. Kahn and Mr. Baker have no control over what emails a person chooses to send to them. Neither Mr. Baker nor Mr. Kahn requested the Alleged Trade Secrets.[5] Neither Mr. Baker nor Mr. Kahn used the Alleged Trade Secrets or shared the Alleged Trade Secrets with anyone other than their attorneys.[6]

CLS cannot show that Mr. Baker, Ms. Harris, Ms. Elwell, and Mr. Kahn have misappropriated the Alleged Trade Secrets by wrongfully acquiring, disclosing, or using them.

## II. Law and Argument

### A. Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[7] A party opposing a summary judgment motion may not rest upon mere allegations or denials, but must set forth specific facts showing

---

[3] Shawana Harris's Answers to Plaintiff's First Set of Requests for Admission, attached hereto as Exhibit A, at Nos. 1, 3-6; Michele Elwell's Answers to Plaintiff's First Set of Requests for Admission, attached hereto as Exhibit B, at Nos. 1, 3-6.

[4] Arnold Baker's Answers to Plaintiff's First Set of Requests for Admission, attached hereto as Exhibit C, at Nos. 1, 4-5; Morris Kahn's Answers to Plaintiff's First Set of Requests for Admission, attached hereto as Exhibit D, at Nos. 1, 4-5.

[5] *Id.*

[6] Arnold Baker's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, attached hereto as Exhibit E, at No. 7; Declaration of Morris Kahn, attached hereto as Exhibit F.

[7] Fed. R. Civ. Proc. 56; *Zaffuto v. City of Hammond*, 308 F.3d 485, 492 (5th Cir. 2002); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986).

the existence of a genuine issue for trial.[8] There must be sufficient evidence favoring the non-moving party to support a verdict for that party.[9] The burden of demonstrating the existence of a genuine issue "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."[10] If the record taken as a whole could not lead a rational trier of fact to find for a non-moving party, no genuine issue of material fact exists for trial.[11]

**B.  CLS cannot support a claim for misappropriation of trade secrets against Mr. Baker, Ms. Elwell, Mr. Kahn, or Ms. Harris.**

The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., provides a cause of action for misappropriation of trade secrets. "Misappropriation" is defined as:

> (A)  <u>acquisition</u> of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by <u>improper means</u>; or
> (B)  disclosure or use of a trade secret of another without express or implied consent by a person who--
>   (i)  used improper means to acquire knowledge of the trade secret;
>   (ii)  at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was--
>     (I)  derived from or through a person who had used improper means to acquire the trade secret;
>     (II)  acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
>     (III)  derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

---

[8] *Celotex*, 477 U.S. at 325 (1986).

[9] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[10] *Little*, 37 F.3d at 1075 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994)).

[11] *Matsushita,* 475 U.S. at 587.

>   (iii) before a material change of the position of the person, knew or had reason to know that--
>       (I) the trade secret was a trade secret; and
>       (II) knowledge of the trade secret had been acquired by accident or mistake[.][12]

Under the statute, "the term 'improper means' (A) includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and (B) does not include reverse engineering, independent derivation, or any other lawful means of acquisition[.]"[13]

Acquisition of a trade secret without wrongful conduct is not misappropriation.[14] "[M]ere access or acquisition without wrongful conduct will not generate trade secret liability."[15] "Inadvertent acquisition of a trade secret is not wrongful and, thus, does not constitute misappropriation."[16] The mere receipt of an email is not sufficient for a claim of misappropriation.[17]

Ms. Harris and Ms. Elwell never received the Alleged Trade Secrets. Thus, they could not have "acquired" them by "improper means." Mr. Baker and Mr. Kahn simply received

---

[12] 18 U.S.C. § 1839(5) (emphasis added).

[13] *Id.* § 1839(6). "The definitions provided under [the Louisiana Unfair Trade Practices Act] are almost identical to the definitions under DTSA." *Sapienza v. Trahan*, No. 16-CV-01701, 2017 U.S. Dist. LEXIS 200319, at *19 (W.D. La. Oct. 23, 2017). The DTSA "essentially provides a federal cause of action for trade secret misappropriation modeled on the [Uniform Trade Secrets Act]." 4 MILGRIM ON TRADE SECRETS § 15.01[1], n.33 (Lexis 2018).

[14] 1 MILGRIM ON TRADE SECRETS § 1.01[2][c][ii] (2018) (noting, as an example, that purchasing an object without knowing that the object reveals another's trade secret is not misappropriation).

[15] 4 MILGRIM ON TRADE SECRETS § 15.01[1][a][vi][d] (Lexis 2018).

[16] *Id.* § 15.01[1], n.26 (Lexis 2018) (citing *Axiom Worldwide, Inc. v. HTRD Group H.K., Ltd.*, 2013 U.S. Dist. LEXIS 82539, *20 (M.D. Fla. June 12, 2013) (granting summary judgment for defendant and finding that defendant's acquisition of the material was inadvertent, not the result of improper means and, thus, no misappropriation had occurred).

[17] *See DynCorp International v. AAR Airlift Group, Inc.*, 664 F. App'x 844 (11th Cir. 2016) (finding that AAR did not improperly acquire DynCorp's alleged trade secrets when a DynCorp contractor emailed DynCorp's Profit Margin Analysis to an employee of AAR).

emails containing the Alleged Trade Secrets – they have no control over what emails are sent to them. They did not request that Mr. Rulh send them the information and they had no prior knowledge that Mr. Rulh would send them the emails containing the Alleged Trade Secrets. Moreover, they have not disclosed or used the Alleged Trade Secrets. The mere receipt of emails, without requesting the information or having prior knowledge that it would be sent, is not sufficient to allege that Mr. Kahn and Mr. Baker acquired the Alleged Trade Secrets through improper means or otherwise engaged in wrongful conduct with respect to the Alleged Trade Secrets.[18]

The misappropriation claims against Ms. Harris, Ms. Elwell, Mr. Kahn, and Mr. Baker must fail.

### C.    All of Plaintiff's other claims against Ms. Harris, Ms. Elwell, Mr. Kahn, and Mr. Baker are based on misappropriation of the Alleged Trade Secrets, and must also fail.

CLS has also alleged that causes of action against Ms. Harris, Ms. Elwell, Mr. Kahn, and Mr. Baker for unjust enrichment, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, conversion, and conspiracy.[19] All of these causes of action are based on the same alleged misappropriation of trade secrets. As discussed above, CLS has no claim against Ms. Harris, Ms. Elwell, Mr. Kahn, or Mr. Baker for misappropriation of trade secrets because there is no wrongful conduct in the acquisition, use, or disclosure of any trade secrets. Accordingly, the claims for unjust enrichment, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, conversion, and conspiracy must fail.

### III.    Conclusion

---

[18] *DynCorp International v. AAR Airlift Group, Inc.*, 664 F. App'x 844 (11th Cir. 2016); 4 MILGRIM ON TRADE SECRETS §§ 15.01[1] n. 26, 15.01[1] [a][vi][d] (Lexis 2018); 1 MILGRIM ON TRADE SECRETS § 1.01[2][c][ii] (2018).

[19] Complaint, Doc. No. 1, at 14-20.

Ms. Harris and Ms. Elwell never received the Alleged Trade Secrets. Mr. Kahn and Mr. Baker did not wrongfully acquire, use, or disclose the Alleged Trade Secrets. Accordingly, Ms. Harris, Ms. Elwell, Mr. Kahn, and Mr. Baker cannot be liable for misappropriating the Alleged Trade Secrets. There can be no genuine issue of material fact and Ms. Harris, Ms. Elwell, Mr. Kahn, and Mr. Baker are entitled to judgment as a matter of law, dismissing all of Plaintiff's claims against them with prejudice.

Respectfully submitted,

 /s/ Ashley E. Bane
GEORGE J. FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)
CAROLINE J. SANCHES (La. Bar No. 37295)
**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
           nsullivan@frfirm.com
           abane@frfirm.com
           mwm@frfirm.com
           csanches@frfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify, this 26th day of June, 2018, that I electronically filed the foregoing document with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel on record.

 /s/ Ashley E. Bane