UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

**DONALD RULH, JR.'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant Donald Rulh ("Mr. Rulh") and responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering this Discovery.

**ANSWER:**    These Interrogatories were answered by Mr. Rulh, with the assistance of undersigned counsel.

**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS' customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade Secrets.



**ANSWER:**   Mr. Rulh objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 2 to the extent that it seeks information that is not in his possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Moreover, CLS has obtained a Temporary Restraining Order that required the turnover of the computer Mr. Rulh used for CLS business as well as other business and personal needs. He believes that the information sought by CLS will be contained on the computer. Mr. Rulh further objects to Interrogatory No. 2 because he is a member of CLS and is entitled to possess the materials listed in Interrogatory No. 2.  Mr. Rulh further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Mr. Rulh objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Mr. Rulh responds that documents responsive to this Request have been produced in response to the TRO in this case and/or are located on the MacBook Pro laptop subject to the TRO in this case. In addition, please see attached documents responsive to this Request.

**INTERROGATORY NO. 3**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 3 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 3 to the extent that it seeks information that is not in his possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Mr. Rulh further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Mr. Rulh responds that such information is contained on the documents that have been produced.

## INTERROGATORY NO. 4

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Mr. Rulh further objects to Interrogatory No. 4 to the extent that it suggests that Mr. Rulh was not entitled to possess the documents described in the Complaint, Doc. No. 1, at ¶ 42, since he is a member of CLS and has property and financial interests in the company. Subject to and without waiving the foregoing objection, Mr. Rulh responds that he has possessed the documents described in the Complaint, Doc. No. 1, at ¶ 42. He is a member of CLS and has property and financial interests in the company and is entitled to

view and possess such documents. None of the actions that CLS has allegedly taken to make Mr. Rulh an "assignee" of the company can deprive him of the financial and property rights that he has in the company.

Mr. Rulh further responds that, as a member of the company, he needed to reason to possess the documents described in the Complaint, Doc. No. 1, at ¶ 42. However, he had several reasons for possessing them related to mismanagement of the company by Mr. Sens and others. When Mr. Rulh attempted to call out the problems, he was listed as a "threat" to the company during a corporate retreat held in April 2017, a retreat to which Mr. Rulh was not even invited.

Mr. Rulh wished to protect himself and the salary that he had deferred for years by reviewing the company's financials. Mr. Rulh had learned that Mr. Sens may have re-routed lumber to his own personal use by running it through a CLS project for a fishing dock and/or camp on his personal property. In addition, Mr. Rulh was told that Mr. Sens used company travel accounts and credit cards for personal use. Mr. Rulh was aware that the Chief Financial Officer, Angela Verdin, was not balancing the company's books and Mr. Rulh noticed disparities in expenses and revenues. Mr. Rulh was also aware that Mr. Sens had mismanaged a project known as the Fire & Safety Division, resulting in an approximately $700,000 loss for the company. However, in an internal audit conducted in 2017, there was a discrepancy in the amount of the loss recorded to the Fire & Safety Division. In addition, Mr. Sens told Mr. Rulh that he had a competing staffing company all "set up." Mr. Rulh was also concerned that CLS purchased a new property for headquarters in Chalmette, Louisiana. Mr. Rulh refused to sign the paperwork for the purchase – CLS still has an outstanding lease for property in Harvey, which CLS walked away from. Mr. Rulh is a personal guarantor on that lease and Mr. Rulh was concerned about

personal liability for that lease. Mr. Rulh was also concerned because his forensic audit led him to believe there was the potential embezzlement.

Mr. Rulh was also aware, per Mr. Sens' comments to him and to others, that he was retroactively altering company HR documents and/or shredding them in order to avoid being caught by the authorities. Mr. Sens even said that he would not fire an incompetent HR employee because she knows too much and she could not be fired until they clear the Department of Labor. He also discovered that mariners were being sent out on jobs without being properly "on-boarded" through the DocuSign system or insured – this is a violation of the Master Service Agreements between CLS and its major customers. In addition, Mr. Rulh discovered that confidential HR documents, including medical records, were being improperly shared and stored in the company, and that there was an attempt to cover these violations up. Further, Mr. Sens's mistreatment of CLS employees had Mr. Rulh concerned about his financial interest in the company. In addition, after a CLS employee was involved in a major accident on the Mississippi River, Mr. Rulh was told that Mr. Sens misstated certain financial numbers on an internal underwriters audit to avoid an increase in insurance premiums. Finally, Mr. Rulh was informed that Mr. Sens told CLS employees that they would not be getting bonuses because Mr. Rulh was stealing from the company, which is untrue.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Rulh objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Rulh will supplement this Answer as necessary.

## INTERROGATORY NO. 6

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Rulh objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Rulh will supplement this Answer as necessary.

## INTERROGATORY NO. 7

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared

6

the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Rulh responds that, to the best of his recollection, such information would be contained on the MacBook Pro produced in response to the TRO in this matter. Mr. Rulh recalls that he sent the documents produced by the other Defendants in this lawsuit to them. The documents speak for themselves.


## INTERROGATORY NO. 8

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Mr. Rulh has discussed this broad range of topics. Subject to and without waiving the foregoing objections, Mr. Rulh responds that he has discussed this lawsuit and related issues with the other defendants. In addition, he believes he has discussed this case and related issues with Mike Reynan, Jason Bruner, Janet Pipitone, and Kenny Berger.


## INTERROGATORY NO. 9

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Rulh responds that such email addresses would be donald@clogistical.com (which he no longer has access to), donrulh@gmail.com, donaldrulh@gmail.com, and joejohnson20181234@gmail.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:** Mr. Rulh objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 10 to the extent that it seeks information outside of his possession, custody, or control, since he cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Mr. Rulh responds that he is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present. In addition, he has not

8

been a party to any contracts or agreements regarding the formation of a maritime and/or staffing business enterprise from January 1, 2017 to present.

## INTERROGATORY NO. 11

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that you have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Interrogatory No. 11 because he is a member of CLS and, in his capacity as a member of CLS, has relationships with the customers. Subject to and without waiving the foregoing objections, Mr. Rulh responds that he has not contacted any customers regarding doing labor specific jobs pertaining to CLS. However, Mr. Rulh's other companies have overlapping clients. In addition, in some cases, these are second generation relationships, family, and/or lifelong family friends of Mr. Rulh.

## INTERROGATORY NO. 12

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr.

Rulh responds that the acts constituting Unfair Trade Practices have been set out in Defendants'
Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to the
unfair and deceptive acts or practices by CLS and/or Mr. Sens, the acts referred to in response to
Interrogatory No. 4, the circumstances surrounding Brett Casey's improper admission as a
member, the disparagement of Mr. Rulh and the attempts to expel him after he called attention to
the mismanagement of the company, the mistreatment of women and minorities by Mr. Sens,
and that additional facts may be revealed during discovery. Mr. Rulh will supplement this
Answer as necessary.

**INTERROGATORY NO. 13**

Identify each and every contract that You contend was breached by CLS in Count V
of Your Counterclaim, including in Your Identification the date on which the contract was
allegedly confected, the parties to the contract, and the principal terms of the alleged contract.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 13 as premature because discovery
is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS
109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr.
Rulh responds that CLS has breached its obligation to pay Mr. Rulh his deferred salary, as set
out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, and that
additional facts may be revealed during discovery. Mr. Rulh will supplement this Answer as
necessary.

**INTERROGATORY NO. 14**

Identify each and every "improper action" committed by CLS that supports Your claim

in Count VI of Your Counterclaim.

**ANSWER:**     Mr. Rulh objects to Interrogatory No. 14 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Rulh responds that the improper actions in Count VI have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to improper collusion, attempts to force Mr. Rulh out of CLS, and refusing to pay Mr. Rulh the compensation to which he is entitled, and that additional facts may be revealed during discovery. Angela Verdin, who has no ownership interest in CLS, was added as a Manager of the company on the Secretary of State website in May 2017, replacing Mr. Rulh, a member of the company. Upon information and belief, Ms. Verdin signed an Invoice Purchase Agreement with LSQ on behalf of the company, without proper authorization. Mr. Rulh is a guarantor on the LSQ agreement. After this dispute began, Mr. Rulh requested that he be released as an LSQ guarantor and loan guarantees for the company, especially considering that the company's CPA was instructed not to give Mr. Rulh any financial information regarding the company, and was denied. In addition, Natchez Morice, another member of CLS, took over $100,000 from the company bank account without authorization. Mr. Rulh will supplement this Answer as necessary.


**INTERROGATORY NO. 15**

Identify each and every act allegedly committed by CLS that You contend supports Your claim in Count IX of Your Counterclaim.

**ANSWER:**     Mr. Rulh objects to Interrogatory No. 15 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS

109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Rulh responds that the improper acts in Count IX have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to conversion of Mr. Rulh's membership interest and salary, and that additional facts may be revealed during discovery. Mr. Rulh will supplement this Answer as necessary.

## INTERROGATORY NO. 16

Identify each and every action of CLS that You contend supports Your claim in Count X of Your Counterclaim.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 16 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Rulh responds that the improper acts in Count X have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to the sale and/or transfer of membership shares to Brett Casey and Natchez Morice Jr. in March/April 2014 without following proper procedures and without proper compensation, and that additional facts may be revealed during discovery. Mr. Rulh will supplement this Answer as necessary.

## INTERROGATORY NO. 17

Identify each and every demand You made for CLS to assert the derivative action You purport to assert in Count X of Your Counterclaim.

**ANSWER:**   Mr. Rulh objects to Interrogatory No. 17 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS

109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Rulh responds that the improper acts in Count X have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, that CLS and the members refused to enforce the rights of the company with respect to Mr. Casey, financial bookkeeping, and with violations in the Human Resources Department, and that additional facts may be revealed during discovery. Mr. Rulh will supplement this Answer as necessary.

**INTERROGATORY NO. 18**

Identify each and every Person You intend to call as a witness at the hearing on the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:**   At this time, Mr. Rulh does not know which witnesses he will call at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing. He will comply with the deadlines agreed upon by the parties and/or set by the Court with respect to witnesses. However, he believes that he will at least call Spencer Sens, Trey Morice, and Brett Casey.

**INTERROGATORY NO. 19**

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Donald Rulh, Jr. that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

13

**ANSWER:**   Mr. Rulh responds that the denials contained in his Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 2. Subject to and without waiving such objections, please see attached documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 5. Mr. Rulh will supplement this Response as necessary.

### REQUEST FOR PRODUCTION NO. 3

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 6. Mr. Rulh will supplement this Response as necessary.

## REQUEST FOR PRODUCTION NO. 4

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 7. Subject to and without waiving such objections, please see attached documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 5

Produce a copy of every Document or Communication that evidences any discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 8. In addition, Mr. Rulh objects to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving such objections, please see attached responsive communications with the other defendants. Mr. Rulh responds that to his knowledge no responsive communications with Jason Bruner, Mike Reynan, and Kenny Berger exist. Please see response to Request No. 19 regarding Janet Pipitone.

## REQUEST FOR PRODUCTION NO. 6

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 10. Subject to and without waiving such objections, Mr. Rulh responds that he did not identify any contract or agreement in response to Interrogatory No. 10. Accordingly, he is not in possession of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 7

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 11. Subject to and without waiving such objections, Mr. Rulh responds that he did not identify any contact in response to Interrogatory No. 11. Accordingly, he is not in possession of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 8

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 12. Subject to and without waiving the foregoing objections, please see attached documents.

16

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication that evidences any contract Identified in Your response to Interrogatory No. 13.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 13. Subject to and without waiving such objections, please see attached documents.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Document or Communication that evidences any alleged "improper action" Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 14. Subject to and without waiving such objections, please see attached documents.

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 15.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 15. Subject to and without waiving such objections, please see attached documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**

Produce a copy of every Document or Communication that evidences any action of CLS Identified in Your response to Interrogatory No. 16.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 16. Subject to and without waiving such objections, please see attached documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13

Produce a copy of every Document or Communication that evidences any demand Identified in Your response to Interrogatory No. 17.

**RESPONSE:** Mr. Rulh incorporates by reference the objections contained in his Answer to Interrogatory No. 17. Subject to and without waiving such objections, please see documents produced in response to Request No. 12.

## REQUEST FOR PRODUCTION NO. 14

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 19.

**RESPONSE:** Mr. Rulh responds that he did not identify any documents or communications in response to Interrogatory No. 19. Accordingly, there are no documents responsive to Request No. 14.

## REQUEST FOR PRODUCTION NO. 15

Produce a copy of every Communication to which any Defendant was a party,

specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threatened action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Mr. Rulh objects to Request No. 15 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Request No. 15 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the request asks for every communication sent or received by Mr. Rulh since the beginning of 2017 that relates to CLS or any member thereof (which includes Mr. Rulh). This is patently unreasonable, especially considering that Mr. Rulh is a member of CLS and performed work for CLS during that time period.  Subject to and without waiving the foregoing objections, please see documents related to CLS's disputes with Mr. Rulh, this lawsuit, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants.


**REQUEST FOR PRODUCTION NO. 16**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Rulh responds that the Non-Disclosure Agreement was not negotiated and was never executed. Please see attached documents responsive to this Request.

19

**REQUEST FOR PRODUCTION NO. 17**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Rulh objects to Request No. 17 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Rulh further objects to Request No. 17 because the Non-Disclosure Agreement was never executed. Subject to and without waiving the foregoing objections, Mr. Rulh responds that, to his knowledge, no business(es) contemplated by the Non-Disclosure Agreement have been formed.

**REQUEST FOR PRODUCTION NO. 18**

Produce a copy of every Document or Communication that supports Your claim that You were entitled to collect a salary from CLS.

**RESPONSE:** Please see attached documents responsive to this Request. Additional documents may come to light during discovery.

**REQUEST FOR PRODUCTION NO. 19**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Mr. Rulh objects to Request No. 19 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the

Request is not limited by subject matter. Subject to and without waiving the foregoing objections, Mr. Rulh responds that attached is correspondence with Ms. Pipitone regarding CLS. Mr. Rulh notes that Ms. Pipitone is also Mr. Rulh's secretary for his other business, Fourchon Launch Services, and that communications with Ms. Pipitone regarding that business are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 20**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Michelle Elwell from January 2018 to Present.

**RESPONSE:** Mr. Rulh objects to Request No. 19 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is not limited by subject matter. In addition, Mr. Rulh objects to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Mr. Rulh and Ms. Elwell know each other outside business and are friends. Subject to and without waiving the foregoing objections, Mr. Rulh responds that attached are communications with Ms. Elwell regarding the issues in this lawsuit, disputes with CLS, and any CLS financial or customer information. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 21**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Shawana Harris

from January 2018 to Present.

**RESPONSE:** Mr. Rulh objects to Request No. 19 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Mr. Rulh objects to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. In addition, the Request is not limited by subject matter. Mr. Rulh and Ms. Harris know each other outside business and are friends. Subject to and without waiving the foregoing objections, Mr. Rulh responds that attached are communications with Ms. Harris regarding the issues in this lawsuit, disputes with CLS, and any CLS financial or customer information. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 22**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Mr. Rulh objects to Request No. 19 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Mr. Rulh objects to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. In addition, the Request is not limited by subject matter. Mr. Rulh and Mr. Baker are friends that have known each other for years. Subject to and without waiving the foregoing objections, Mr. Rulh responds that attached are communications with Mr. Baker regarding the issues in this lawsuit, disputes with CLS, and any CLS financial or customer information. Any other communications are outside the scope of

discovery.

## REQUEST FOR PRODUCTION NO. 23

Produce all Communications, particularly including, but not limited to, text messages, e-mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Mr. Rulh objects to Request No. 19 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Mr. Rulh objects to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. In addition, the Request is not limited by subject matter. Mr. Rulh and Mr. Kahn are personal friends and have been for many years. Subject to and without waiving the foregoing objections, Mr. Rulh responds that attached are communications with Mr. Kahn regarding the issues in this lawsuit, disputes with CLS, and any CLS financial or customer information. Any other communications are outside the scope of discovery.

## REQUEST FOR PRODUCTION NO. 24

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. Mr. Rulh responds that, to his knowledge, no businesses contemplated in the "new venture overview"

document have been formed.  Subject to and without waiving the foregoing objections, please see attached documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 25**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Mr. Rulh does not know which, if any, exhibits he will introduce at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing.

Respectfully submitted,

_/s/ Ashley E. Bane_

GEORGE J. FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)
CAROLINE J. SANCHES (La. Bar No. 37295)
**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
         nsullivan@frfirm.com
         abane@frfirm.com
         mwm@frfirm.com
         csanches@frfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 27th day of June, 2018, served a copy of the foregoing on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*/s/  Ashley E. Bane*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE LOGISTICAL SERVICES, LLC

      Plaintiff,

versus

DONALD RULH, JR., et al.

      Defendants.

Civil Action No. 2:18-cv-3799

Judge Fallon

Magistrate Judge North

## <u>DECLARATION OF DONALD RULH, JR.</u>

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Donald Rulh, Jr., declare under penalty of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

Executed on this 27th day of June, 2018.

_____
Donald Rulh, Jr.

Verification Page – Rulh's Answers to Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

**MICHELE ELWELL'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant Michele Elwell ("Ms. Elwell") and responds to Plaintiff's First

Set of Interrogatories and Requests for Production of Documents as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering

this Discovery.

**ANSWER**:    These Interrogatories were answered by Ms. Elwell, with the assistance of

undersigned counsel.


**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at

any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS'

customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade

Secrets.

**ANSWER**:   Ms. Elwell objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Ms. Elwell's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Elwell further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Ms. Elwell objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Ms. Elwell responds that such documents are provided in response to Request for Production No. 1.

**INTERROGATORY NO. 3**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER**:   Ms. Elwell objects to Interrogatory No. 3 to the extent that it seeks information that is not in Ms. Elwell's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Elwell further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Ms. Elwell responds that such information is contained in the documents that are

2

provided in response to Request for Production No. 1.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Ms. Elwell responds that she has never possessed the documents described in the Complaint, Doc. No. 1, at ¶ 42. If such documents were sent to her, she did not receive them.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Elwell objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Elwell will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Elwell objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Elwell will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Elwell responds that she has not shared the documents in Interrogatory No. 2 / Request for Production No. 1 with anyone, excluding her attorneys.

4

**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Ms. Elwell has discussed this broad range of topics. Ms. Elwell further objects to Interrogatory No. 8 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she has not discussed the contents of the documents described in the Complaint, Doc. No. 1, at ¶ 42, with any person because she did not receive such documents. Ms. Elwell further responds that she has discussed this lawsuit and the claims pending in this lawsuit with her husband and with the other defendants. Finally, Ms. Elwell believes she discussed the fact that this lawsuit had been filed against her with Elisa at Crowley Maritime.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 9 as overly broad, unduly

5

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Elwell responds that the email address in which she received any documents referenced in Interrogatory No. 2 / Request for Production No. 1, this lawsuit, or Mr. Rulh's expulsion is michele.elwell021@gmail.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:**    Ms. Elwell objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 10 to the extent that it seeks information outside of her possession, custody, or control, since she cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral; excluding any contacts that were made during the course and scope of Your employment at CLS, were within the scope of Your ordinary duties at CLS, and related exclusively to the day-to-day operations of CLS.

6

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 11 because she has no way of knowing who "is now or was ever a customer of CLS." Ms. Elwell has not worked for CLS since 2015. Moreover, CLS has no basis for inquiring into such contacts. Ms. Elwell is not subject to any prohibitions regarding such contacts. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she has not made use of any customer list(s) of CLS from January 1, 2017 to the present, since she has not received any such customer list(s). Ms. Elwell further responds that she recalls speaking with Cheryl Arceneaux of Oceaneering on the phone because she is a friend. Ms. Elwell does not recall when this took place or even if it was within the last year.

## INTERROGATORY NO. 12

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:**   Ms. Elwell objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Ms. Elwell responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, and that additional facts may be revealed during discovery. Ms. Elwell will supplement this Answer as necessary.

## INTERROGATORY NO. 13

Identify each and every Person You intend to call as a witness at the hearing on

7

the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:**   At this time, Ms. Elwell does not know which, if any, witnesses she will call at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

## INTERROGATORY NO. 14

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Michele Elwell that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

**ANSWER:**   Ms. Elwell responds that the denials contained in her Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories. Ms. Elwell never received the documents described in the Complaint, Doc. No. 1, at ¶ 42.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 2. Subject to and without waiving such objections, please see

attached documents.

## REQUEST FOR PRODUCTION NO. 2

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 5. Ms. Elwell will supplement this Response as necessary.

## REQUEST FOR PRODUCTION NO. 3

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 6. Ms. Elwell will supplement this Response as necessary.

## REQUEST FOR PRODUCTION NO. 4

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 7. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 4.

## REQUEST FOR PRODUCTION NO. 5

Produce a copy of every Document or Communication that evidences any discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 8. Subject to and without waiving such objections, please see

response to Request for Production No. 10. With respect to Ms. Elwell's contact with Elisa from Crowley Maritime, such conversation was verbal and no responsive documents exist..

**REQUEST FOR PRODUCTION NO. 6**

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 10. Subject to and without waiving such objections, Ms. Elwell responds that she did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Ms. Elwell is not in possession of any documents responsive to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7**

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 11. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8**

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 12. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Ms.

Elwell will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 14. Subject to and without waiving such objections, Ms. Elwell responds that she did not identify any documents in response to Interrogatory No. 14. Thus, Ms. Elwell is not in possession of any documents responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Ms. Elwell objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Request is for "every Communication to which any Defendant was a party" – Ms. Elwell herself is a Defendant, so such a Request includes every single email that Ms. Elwell sent or received that even mentions CLS and/or any employee of CLS in the last year and a half, an unreasonably broad request. Ms. Elwell further objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations against Ms. Elwell in this suit

11

relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. There is no basis for inquiring into her personal communications for 1 ½ years. Subject to and without waiving the foregoing objections, Ms. Elwell responds that attached are documents regarding the issues in this lawsuit, CLS's actions against Mr. Rulh, and/or Mr. Rulh's expulsion from CLS. Ms. Elwell is not in possession of any documents containing CLS financial or customer information, other than what was produced in response to the TRO. Other communications, including Ms. Elwell's personal communications, are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Elwell did not negotiate or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Ms. Elwell did not request the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Ms. Elwell is not in possession of any documents responsive to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 12**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Elwell objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Request No. 12 because she did not request, draft,

negotiate, or execute the Non-Disclosure Agreement. Ms. Elwell has not been an employee of CLS since 2015 and has no obligations to CLS. She did not receive any of the documents referenced in the Complaint, Doc. No. 1, at ¶ 42. Subject to and without waiving the foregoing objections, Ms. Elwell responds that, to her knowledge, no business(es) contemplated by the Non-Disclosure Agreement have been formed.

**REQUEST FOR PRODUCTION NO. 13**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is not limited by subject matter. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 14 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell

13

is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 15**

Produce all Communications, particularly including, but not limited to, text messages, e-mail messages, electronic instant messages, and the like, between You and Shawana Harris from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 15 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 16**

Produce all Communications, particularly including, but not limited to, text messages, e-mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 16 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 17 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any

other communications are outside the scope of discovery.

## REQUEST FOR PRODUCTION NO. 18

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. However, it is presumed that the document referred to is the same document that Ms. Elwell turned over pursuant to the TRO in this case. Based on that presumption, Ms. Elwell responds that Mr. Rulh sent the document to her and she did not request it, expect it, or use it. To her knowledge, no businesses contemplated in the "new venture overview" document have ever been formed.

## REQUEST FOR PRODUCTION NO. 19

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Ms. Elwell does not know which, if any, exhibits she will introduce at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

Respectfully submitted,

*s/ Ashley E. Bane*
GEORGE FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
MICHAEL W. MCCOY (Tx. No. 13471850)
ASHLEY E. BANE (La. Bar No. 35640)
CAROLINE J. SANCHES (La. Bar No. 37295)

**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email:  fow@frfirm.com
        nsullivan@frfirm.com
        mwm@frfirm.com
        abane@frfirm.com
        csanches@frfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of June, 2018, served a copy of the foregoing

on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*s/  Ashley E. Bane*

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE LOGISTICAL SERVICES, LLC

      Plaintiff,

versus

DONALD RULH, JR., et al.

      Defendants.

Civil Action No. 2:18-cv-3799

Judge Fallon

Magistrate Judge North

## DECLARATION OF MICHELLE ELWELL

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Michelle

Elwell declare under penalty of perjury that the foregoing Answers to Interrogatories are true and

correct to the best of my knowledge.

Executed on this 24th day of June, 2018.

Michelle Elwell

Verification Page – Elwell's Answers to Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

### SHAWANA HARRIS'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Shawana Harris ("Ms. Harris") and responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

### ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Person(s) that provided answers to this Discovery or assisted in answering this Discovery.

**ANSWER**:    These Interrogatories were answered by Ms. Harris, with the assistance of undersigned counsel.

### INTERROGATORY NO. 2

Identify each and every Document or Communication that was ever in Your possession at any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS' customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade Secrets.

**ANSWER**:    Ms. Harris objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible

evidence. Ms. Harris further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Ms. Harris's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Harris further objects because she was an employee of CLS until March 2018 and, upon her termination, her devices were confiscated by CLS, and materials responsive to this request may be contained on such devices. Ms. Harris further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Ms. Harris objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not in possession of any documents related to CLS's customer lists or financials.

## INTERROGATORY NO. 3

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 3 to the extent that it seeks information that is not in Ms. Harris's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Harris further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Ms. Harris responds that she did not identify any documents of communications in

2

response to Interrogatory No. 2. Accordingly, no response to Interrogatory No. 3 is required.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:** Ms. Harris objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Ms. Harris responds that she has never possessed the documents described in the Complaint, Doc. No. 1, at ¶ 42. If such documents were sent to her, she did not receive them.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

**ANSWER:** Ms. Harris objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Harris objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Harris will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Harris objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Harris will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Harris responds that she did not identify any documents of communications in response to Interrogatory No. 2. Accordingly, no response to Interrogatory No. 7 is required.

4

**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Ms. Harris has discussed this broad range of topics. Ms. Harris further objects to Interrogatory No. 8 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Ms. Harris responds that she has not discussed the contents of the documents described in the Complaint, Doc. No. 1, at ¶ 42, with any person because she did not receive such documents. Ms. Harris further responds that she has discussed this lawsuit and the claims pending in this lawsuit with family members and the other defendants in this lawsuit.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Harris responds that,

other than her former work email address, which she no longer has access to, the email address in which she received any documents regarding this lawsuit and the disputes therein and/or the expulsion of Donald Rulh is shawjos73@yahoo.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 10 to the extent that it seeks information outside of her possession, custody, or control, since she cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral; excluding any contacts that were made during the course and scope of Your employment at CLS, were within the scope of Your ordinary duties at CLS, and related exclusively to the day-to-day operations of CLS.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 11 as overly broad, unduly

6

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 11 because she has no way of knowing who "is now or was ever a customer of CLS." Ms. Harris is not currently employed by CLS. She has no access to customer lists. Moreover, CLS has no basis for inquiring into such contacts. Ms. Harris is not subject to any prohibitions regarding such contacts. Subject to and without waiving the foregoing objections, Ms. Harris responds that she spoke to Cheryl Arceneaux of Oceaneering sometime shortly after she was terminated from CLS. Ms. Harris cannot recall whether it was Ms. Arceneaux or Ms. Harris that initiated the call. Ms. Harris and Ms. Arceneaux are friends. Ms. Harris told Ms. Arceneaux that she had been terminated from CLS, but Hunter at CLS would be able to take care of her needs. During the conversation, Ms. Harris specifically told Ms. Arceneaux that she was not seeking business from her.

## INTERROGATORY NO. 12

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:**   Ms. Harris objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Ms. Harris responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, and that additional facts may be revealed during discovery. Ms. Harris will supplement this Answer as necessary.

## INTERROGATORY NO. 13

Identify each and every Person You intend to call as a witness at the hearing on

the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:**   At this time, Ms. Harris does not know which, if any, witnesses she will call at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

## INTERROGATORY NO. 14

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Shawana Harris that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

**ANSWER:**   Ms. Harris responds that the denials contained in her Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories. Ms. Harris never received the documents described in the Complaint, Doc. No. 1, at ¶ 42.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 2. Subject to and without waiving such objections, Ms. Harris

responds that she did not identify any documents/communications in response to Interrogatory No. 2. Accordingly, she is not in possession of any documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 5. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 3**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 6. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 4**

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 7. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any documents/communications in response to Interrogatory Nos. 2 and 7. Accordingly, she is not in possession of any documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of every Document or Communication that evidences any

9

discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 8. Subject to and without waiving such objections, please see response to Request for Production No. 10.

## REQUEST FOR PRODUCTION NO. 6

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 10. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Ms. Harris is not in possession of any documents responsive to Request No. 6.

## REQUEST FOR PRODUCTION NO. 7

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 11. Subject to and without waiving such objections, Ms. Harris responds that she is not in possession of any documents responsive to Request No. 7.

## REQUEST FOR PRODUCTION NO. 8

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 12. Subject to and without waiving such objections, Ms. Harris

responds that she is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 14. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any documents in response to Interrogatory No. 14. Thus, Ms. Harris is not in possession of any documents responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Ms. Harris objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks emails "to which any Defendant was a party," which includes Ms. Harris herself. In addition, it seeks correspondence that even references CLS (a company Ms. Harris worked for until March 2018) or any employee or member of CLS (people that Ms. Harris knows personally) and does not reasonably limit the scope or subject matter. Ms. Harris

11

further objects to Request No. 10 to the extent that it seeks information not within her custody or control. She was an employee of CLS until March 2018 and her electronic devices were confiscated when she left. Ms. Harris further objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. There is no basis for inquiring into her personal communications for 1 ½ years. Subject to and without waiving the foregoing objections, Ms. Harris responds that attached are documents regarding the issues in this lawsuit, CLS's actions against Mr. Rulh, and/or Mr. Rulh's expulsion from CLS. Ms. Harris is not in possession of any documents containing CLS financial or customer information. Other communications, including Ms. Harris's personal communications, are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Harris responds that she did not request, or negotiate, or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. If the Non-Disclosure Agreement was sent to her, Ms. Harris does not recall receiving it. Thus, she is not in possession of any documents responsive to Request No. 11.

**REQUEST FOR PRODUCTION NO. 12**

Produce a copy of every Document or Communication that discusses, references,

mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Harris objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Request No. 12 because she did not request, or negotiate, or execute the Non-Disclosure Agreement. If the Non-Disclosure Agreement was sent to her, Ms. Harris does not recall receiving it. Subject to and without waiving the foregoing objections, Ms. Harris responds that, to her knowledge, no business(es) contemplated by the Non-Disclosure Agreement that was attached to the Complaint have been formed.

**REQUEST FOR PRODUCTION NO. 13**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is not limited by subject matter. Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In

addition, Request No. 14 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

## REQUEST FOR PRODUCTION NO. 15

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Michele Elwell from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 15 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

14

**REQUEST FOR PRODUCTION NO. 16**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 16 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 17 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants

15

and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 18**

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. Ms. Harris responds that she did not receive any document titled "new venture overview." Accordingly, she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Ms. Harris does not know which, if any, exhibits she will introduce at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

16

Respectfully submitted,

*s/ Ashley E. Bane*

GEORGE FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)
**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
        nsullivan@frfirm.com
        abane@frfirm.com
        mwm@frfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of June, 2018, served a copy of the foregoing

on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*s/ Ashley E. Bane*

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE LOGISTICAL SERVICES, LLC

      Plaintiff,

versus

DONALD RULH, JR., et al.

      Defendants.

Civil Action No. 2:18-cv-3799

Judge Fallon

Magistrate Judge North

### DECLARATION OF SHAWANA HARRIS

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Shawana Harris, declare under penalty of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

Executed on this 25 day of June, 2018.

Shawana Harris
Shawana Harris

Verification Page – Harris's Answers to Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

**MORRIS KAHN'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant Morris Kahn ("Mr. Kahn") and responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering this Discovery.

**ANSWER**:    These Interrogatories were answered by Mr. Kahn, with the assistance of undersigned counsel.

**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS' customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade Secrets.

**ANSWER**:   Mr. Kahn objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Mr. Kahn's possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Mr. Kahn further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Mr. Kahn objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Mr. Kahn responds that such documents are provided in response to Request for Production No. 1.

**INTERROGATORY NO. 3**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER**:   Mr. Kahn objects to Interrogatory No. 3 to the extent that it seeks information that is not in Mr. Kahn's possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Mr. Kahn further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing

objections, Mr. Kahn responds that such information is contained in the documents that are provided in response to Request for Production No. 1.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Mr. Kahn responds that he was sent emails that contained attachments with documents titled he "Sales By Customer Summary January 1, 2010 through March 9, 2018," "Profit & Loss" from January 2010 to December 2018, and "Sales by Customer Summary" for July 2017 to March 21, 2018. Mr. Kahn had no prior knowledge that such emails/documents would be sent and Mr. Kahn did not request the information contained in such emails/documents. Mr. Kahn has no control over what emails another person decides to send to him.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

3

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Kahn objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Kahn will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide  a description of all facts supporting the denial.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Kahn objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Kahn will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared

4

the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Kahn responds that he has not shared the document(s) referenced in his responses to Interrogatory No. 2 / Request for Production No. 1 with anyone, excluding his attorneys.


**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Mr. Kahn has discussed this broad range of topics. Mr. Kahn further objects to Interrogatory No. 8  to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he has not discussed the contents of the documents referenced in his responses to Interrogatory No. 2 / Request for Production No. 1 with any person. Mr. Kahn further responds that  he has discussed the claims pending in this Action with the other defendants in this suit.

5

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Kahn responds that the email address in which he received any document(s) referenced in his responses to Interrogatory No. 2 / Request for Production No. 1, this Action, the expulsion of Donald Rulh and/or other matters related to the present disputes would be morriskahn@aol.com or morriskahn21@aol.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Interrogatory No. 10 to the extent that it seeks information outside of his possession, custody, or control, since he cannot possibly know each

and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Interrogatory No. 11 because he has no way of knowing who "is now or was ever a customer of CLS." Mr. Kahn has never been employed by CLS. Moreover, CLS has no basis for inquiring into such contacts. Mr. Kahn is not subject to any prohibitions regarding such contacts. In addition, Mr. Kahn objects because Interrogatory No. 11 is not limited by subject matter. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he has no way of knowing who "is now or was ever a customer of CLS," except for CLS discussing it in the general public. He has no specific information about who CLS's customers are.

**INTERROGATORY NO. 12**

Identify each and every act of CLS that You contend constitutes an Unfair Trade

7

Practice as alleged in Count II of Your Counterclaim.

**ANSWER:**   Mr. Kahn objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Kahn responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to unfair methods of competition, and that additional facts may be revealed during discovery. Mr. Kahn will supplement this Answer as necessary.

## INTERROGATORY NO. 13

Identify each and every Person You intend to call as a witness at the hearing on the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:**   At this time, Mr. Kahn does not know which, if any, witnesses he will call at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing.

## INTERROGATORY NO. 14

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Morris Kahn that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

8

**ANSWER:**   Mr. Kahn responds that the denials contained in his Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories.


## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 2. Subject to and without waiving such objections, please see attached documents responsive to Request No. 1.


### REQUEST FOR PRODUCTION NO. 2

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 5. Subject to and without waiving such objections, Mr. Kahn responds that he did not identify any documents in response to Interrogatory No. 5. Thus, he is not in possession of any documents responsive to Request No. 2. Mr. Kahn will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 3**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 6. Subject to and without waiving such objections, Mr. Kahn responds that he did not identify any documents in response to Interrogatory No. 6. Thus, he is not in possession of any documents responsive to Request No. 3. Mr. Kahn will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 4**

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 7. Subject to and without waiving such objections, Mr. Kahn responds that he is not in possession of any documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of every Document or Communication that evidences any discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 8. Subject to and without waiving such objections, Mr. Kahn responds that he believes such communications with the other defendants were verbal, but he is

searching for any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

      Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

      **RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 10. Subject to and without waiving such objections, Mr. Kahn responds that he did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Mr. Kahn is not in possession of any documents responsive to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7**

      Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

      **RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 11. Subject to and without waiving such objections, Mr. Kahn responds that he did not identify any contact in response to Interrogatory No. 11. Thus, Mr. Kahn is not in possession of any documents responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8**

      Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

      **RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his

Answer to Interrogatory No. 12. Subject to and without waiving such objections, Mr. Kahn responds that he is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Mr. Kahn will supplement this Response as necessary.

## REQUEST FOR PRODUCTION NO. 9

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Mr. Kahn incorporates by reference the objections contained in his Answer to Interrogatory No. 14. Subject to and without waiving such objections, Mr. Kahn responds that he did not identify any documents in response to Interrogatory No. 14. Thus, Mr. Kahn is not in possession of any documents responsive to Request No. 9.

## REQUEST FOR PRODUCTION NO. 10

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threatened action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Mr. Kahn objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Request No. 10 to the extent that it seeks information not within his custody

or control. Finally, Mr. Kahn objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations in this suit against Mr. Kahn relate to information that CLS alleged was sent to him in March 2018, yet this Request seeks a broad scope of documents for over one year prior to that time, which is excessive. Mr. Kahn has never worked for CLS. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is searching for any documents regarding the issues in this lawsuit, CLS's actions against Mr. Rulh, and/or Mr. Rulh's expulsion from CLS, and will supplement this response. Mr. Kahn is not in possession of any documents containing CLS financial or customer information, other than what he produced in response to the TRO. Other communications, including Mr. Kahn's personal communications, are outside the scope of discovery.

## REQUEST FOR PRODUCTION NO. 11

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Kahn responds that he did not negotiate or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Please see attached documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12

Produce a copy of every Document or Communication that discusses, references,

mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Kahn objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Kahn further objects to Request No. 12 because he did not request the Non-Disclosure Agreement and did not execute the Non-Disclosure Agreement. Mr. Kahn has never been an employee of CLS and has no obligations to CLS. Subject to and without waiving the foregoing objections, Mr. Kahn responds that, to his knowledge, no business(es) contemplated by the Non-Disclosure Agreement have been formed.

**REQUEST FOR PRODUCTION NO. 13**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Mr. Kahn objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 13 is not limited by subject matter. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Michele Elwell from January 2018 to Present.

14

**RESPONSE:** Mr. Kahn objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 14 is not limited by subject matter. Moreover, the allegations against Mr. Kahn in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Kahn has never worked for CLS. Mr. Kahn further objects to Request No. 14 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is searching for any communications regarding this lawsuit and the claims therein, CLS financial information, and/or the defendants' disputes with CLS, and will supplement this response. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 15**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Shawana Harris from January 2018 to Present.

**RESPONSE:** Mr. Kahn objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 15 is not limited by subject matter. Moreover, the allegations against Mr. Kahn in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Kahn has never worked for CLS. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is searching for any communications regarding this lawsuit and the claims therein, CLS financial information, and/or the defendants' disputes with CLS, and will supplement this response. Any other communications are outside the scope of discovery.

15

**REQUEST FOR PRODUCTION NO. 16**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Mr. Kahn objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 16 is not limited by subject matter. Moreover, the allegations against Mr. Kahn in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Kahn has never worked for CLS. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is searching for any communications regarding this lawsuit and the claims therein, CLS financial information, and/or the defendants' disputes with CLS, and will supplement this response. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Mr. Kahn objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 17 is not limited by subject matter. Moreover, the allegations against Mr. Kahn in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Kahn has never worked for CLS. Subject to and without waiving the foregoing objections, Mr. Kahn responds that he is

searching for any communications regarding this lawsuit and the claims therein, CLS financial information, and/or the defendants' disputes with CLS, and will supplement this response. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 18**

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. Mr. Kahn responds that he did not receive the document described as "new venture overview." Accordingly, he has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Mr. Kahn does not know which, if any, exhibits he will introduce at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing.

Respectfully submitted,

_____*/s/ Ashley E. Bane*_____

GEORGE J. FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)

17

ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)
**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email:  fow@frfirm.com
         nsullivan@frfirm.com
         abane@frfirm.com
         mwm@frfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have on this 27th day of June, 2018, served a copy of the foregoing

on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*/s/  Ashley E. Bane*

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE LOGISTICAL SERVICES, LLC

      Plaintiff,

versus

DONALD RULH, JR., et al.

      Defendants.

Civil Action No. 2:18-cv-3799

Judge Fallon

Magistrate Judge North

## **DECLARATION OF MORRIS KAHN**

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Morris

Kahn, declare under penalty of perjury that the foregoing Answers to Interrogatories are true and

correct to the best of my knowledge.

Executed on this 27th day of June, 2018.

Morris Kahn

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

**ARNOLD BAKER'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant Arnold Baker ("Mr. Baker") and responds to Plaintiff's First

Set of Interrogatories and Requests for Production of Documents as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering

this Discovery.

**ANSWER**:    These Interrogatories were answered by Mr. Baker, with the assistance of

undersigned counsel.

**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at

any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS'

customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade

Secrets.

**<u>ANSWER</u>**:   Mr. Baker objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Mr. Baker's possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Mr. Baker further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Mr. Baker objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Mr. Baker responds that such documents are provided in response to Request for Production No. 1.

**<u>INTERROGATORY NO. 3</u>**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**<u>ANSWER</u>**:   Mr. Baker objects to Interrogatory No. 3 to the extent that it seeks information that is not in Mr. Baker's possession, since it seeks information regarding documents that were in his possession at some point but are no longer in his possession. Mr. Baker further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing

2

objections, Mr. Baker responds that such information is contained in the documents that are provided in response to Request for Production No. 1.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Mr. Baker responds that he was sent emails that contained attachments with documents titled "Sales By Customer Summary January 1, 2010 through March 9, 2018," "Profit & Loss" from January 2010 to March 9, 2018, and "Sales by Customer Summary" for July 2017 to March 9, 2018. Mr. Baker had no prior knowledge that such emails/documents would be sent and Mr. Baker did not request the information contained in such emails/documents. Mr. Baker has no control over what emails another person decides to send to him.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

3

**ANSWER:**   Mr. Baker objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Baker objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Baker will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Mr. Baker objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Mr. Baker will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared

4

the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Baker responds that he has not shared the document(s) in Interrogatory No. 2 / Request for Production No. 1 with anyone, excluding his attorneys. In fact, he does not recall even looking at them until the issue came up in this lawsuit.


**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Mr. Baker has discussed this broad range of topics. Mr. Baker further objects to Interrogatory No. 8  to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Mr. Baker responds that he has not discussed the contents of the documents referenced in his responses to Interrogatory No. 2 / Request for Production No. 1 with any person. Mr. Baker further responds that he has discussed the claims pending in this Action

5

verbally with the other Defendants.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Mr. Baker objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Mr. Baker responds that the email address in which he received any document(s) referenced in his responses to Interrogatory No. 2 / Request for Production No. 1, this Action, the expulsion of Donald Rulh, and/or other matters related to the present disputes is abaker@brmconcrete.com.  Mr. Baker is not aware to the best of his knowledge of sending or receiving such communications with any other email address.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:** Mr. Baker objects to Interrogatory No. 10 as overly broad, unduly

6

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Interrogatory No. 10 to the extent that it seeks information outside of his possession, custody, or control, since he cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Mr. Baker responds that he is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Interrogatory No. 11 because he has no way of knowing who "is now or was ever a customer of CLS." Mr. Baker is not currently and has never been employed by CLS. Moreover, CLS has no basis for inquiring into such contacts. Mr. Baker is not subject to any prohibitions regarding such contacts. Moreover, Mr. Baker sits on several maritime and transportation committees and commissions. As such, he has numerous contacts in the maritime industry and he has no obligation to report any such contacts to CLS. In addition, Mr. Baker objects because Interrogatory No. 11 is not limited by subject matter. Subject to and without waiving the foregoing objections, Mr. Baker responds that he is not

aware of who "is now or was ever a customer of CLS," so he is unable to respond to Interrogatory No. 11.

## INTERROGATORY NO. 12

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:**   Mr. Baker objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Mr. Baker responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, including but not limited to unfair methods of competition, and that additional facts may be revealed during discovery. Mr. Baker will supplement this Answer as necessary.

## INTERROGATORY NO. 13

Identify each and every Person You intend to call as a witness at the hearing on the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:**   At this time, Mr. Baker does not know which, if any, witnesses he will call at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing.

**INTERROGATORY NO. 14**

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Arnold Baker that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

**ANSWER:**   Mr. Baker responds that the denials contained in his Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 2. Subject to and without waiving such objections, please see attached documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his

Answer to Interrogatory No. 5. Subject to and without waiving such objections, Mr. Baker responds that he did not identify any documents in response to Interrogatory No. 5. Thus, he is not in possession of any documents responsive to Request No. 2. Mr. Baker will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 3**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 6. Subject to and without waiving such objections, Mr. Baker responds that he did not identify any documents in response to Interrogatory No. 6. Thus, he is not in possession of any documents responsive to Request No. 3. Mr. Baker will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 4**

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 7. Subject to and without waiving such objections, Mr. Baker responds that he is not in possession of any documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of every Document or Communication that evidences any discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 8. Subject to and without waiving such objections, Mr. Baker responds that to the best of his knowledge there are no documents or communications evidencing his verbal discussions with the other Defendants.

## REQUEST FOR PRODUCTION NO. 6

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 10. Subject to and without waiving such objections, Mr. Baker responds that he did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Mr. Baker is not in possession of any documents responsive to Request No. 6.

## REQUEST FOR PRODUCTION NO. 7

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 11. Subject to and without waiving such objections, Mr. Baker responds that he did not identify any contact in response to Interrogatory No. 11. Thus, Mr. Baker is not in possession of any documents responsive to Request No. 7.

11

**REQUEST FOR PRODUCTION NO. 8**

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 12. Subject to and without waiving such objections, Mr. Baker responds that he is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Mr. Baker will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Mr. Baker incorporates by reference the objections contained in his Answer to Interrogatory No. 14. Subject to and without waiving such objections, Mr. Baker responds that he did not identify any documents in response to Interrogatory No. 14. Thus, Mr. Baker is not in possession of any documents responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any

12

employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Mr. Baker objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Request No. 10 to the extent that it seeks information not within his custody or control. Finally, Mr. Baker objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations against Mr. Baker in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Baker has never worked for CLS. Subject to and without waiving the foregoing objections, please see attached document(s) responsive to Request for Production No. 10.

## REQUEST FOR PRODUCTION NO. 11

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Baker responds that he did not negotiate or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Please see attached document(s) responsive to Request for Production No. 11.

## REQUEST FOR PRODUCTION NO. 12

13

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Mr. Baker objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Baker further objects to Request No. 12 because he did not request the Non-Disclosure Agreement and did not execute the Non-Disclosure Agreement. Mr. Baker has never been an employee of CLS and has no obligations to CLS. Subject to and without waiving the foregoing objections, Mr. Baker responds that, to his knowledge, no business(es) contemplated by the Non-Disclosure Agreement have been formed.


## REQUEST FOR PRODUCTION NO. 13

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Mr. Baker objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 13 is not limited by subject matter. Subject to and without waiving the foregoing objections, Mr. Baker responds to that to the best of his knowledge, no such communications exist.


## REQUEST FOR PRODUCTION NO. 14

Produce all Communications, particularly including, but not limited to, text messages,

e- mail messages, electronic instant messages, and the like, between You and Michele Elwell from January 2018 to Present.

**RESPONSE:** Mr. Baker objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 14 is not limited by subject matter. Moreover, the allegations against Mr. Baker in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Baker has never worked for CLS. Subject to and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 10.

## REQUEST FOR PRODUCTION NO. 15

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Shawana Harris from January 2018 to Present.

**RESPONSE:** Mr. Baker objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 15 is not limited by subject matter. Moreover, the allegations against Mr. Baker in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Baker has never worked for CLS. Subject to and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 10.

## REQUEST FOR PRODUCTION NO. 16

Produce all Communications, particularly including, but not limited to, text messages,

e- mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Mr. Baker objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 16 is not limited by subject matter. Moreover, the allegations against Mr. Baker in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Baker has never worked for CLS. Subject to and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Mr. Baker objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Request No. 17 is not limited by subject matter. Moreover, the allegations against Mr. Baker in this suit relate to information that CLS alleged was sent to him in March 2018. Mr. Baker has never worked for CLS. Mr. Baker and Mr. Kahn are involved in business ventures outside of the scope of this litigation. Subject to and without waiving the foregoing objections, Mr. Baker responds that document(s) between himself and Morris Kahn related to CLS/the subject matter of this litigation are attached.

**REQUEST FOR PRODUCTION NO. 18**

16

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. However, it is presumed that the document referred to is the same document that was turned over pursuant to the TRO in this case. Based on that presumption, Mr. Baker responds that, to his knowledge, no businesses contemplated in the "new venture overview" document have been formed. Subject to and without waiving the foregoing objections, Mr. Baker responds that to the best of his knowledge no such documents or communications exist.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Mr. Baker does not know which, if any, exhibits he will introduce at the preliminary injunction hearing in this matter because he has not begun preparations for such hearing.

Respectfully submitted,

*/s/ Ashley E. Bane*

GEORGE FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)

17

**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
          nsullivan@frfirm.com
          abane@frfirm.com
          mwm@frfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 26th day of June, 2018, served a copy of the foregoing

on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*/s/  Ashley E. Bane*

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

## **<u>DECLARATION OF ARNOLD BAKER</u>**

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Arnold Baker, declare under penalty of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

Executed on this ____ day of June, 2018.

_____
Arnold Baker