UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC<br><br>　　　Plaintiff,<br><br>versus<br><br>DONALD RULH, JR., et al.<br><br>　　　Defendants. | Civil Action No. 2:18-cv-3799<br><br>Judge Fallon<br><br>Magistrate Judge North |

### MICHELE ELWELL'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Michele Elwell ("Ms. Elwell") and responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering this Discovery.

**ANSWER**: These Interrogatories were answered by Ms. Elwell, with the assistance of undersigned counsel.

**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS' customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade Secrets.



EXHIBIT H

**ANSWER**: Ms. Elwell objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Ms. Elwell's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Elwell further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Ms. Elwell objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Ms. Elwell responds that such documents are provided in response to Request for Production No. 1.

**INTERROGATORY NO. 3**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER**: Ms. Elwell objects to Interrogatory No. 3 to the extent that it seeks information that is not in Ms. Elwell's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Elwell further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Ms. Elwell responds that such information is contained in the documents that are

provided in response to Request for Production No. 1.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Ms. Elwell responds that she has never possessed the documents described in the Complaint, Doc. No. 1, at ¶ 42. If such documents were sent to her, she did not receive them.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Elwell objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Elwell will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Elwell objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Elwell will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Elwell responds that she has not shared the documents in Interrogatory No. 2 / Request for Production No. 1 with anyone, excluding her attorneys.

**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Ms. Elwell has discussed this broad range of topics. Ms. Elwell further objects to Interrogatory No. 8 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she has not discussed the contents of the documents described in the Complaint, Doc. No. 1, at ¶ 42, with any person because she did not receive such documents. Ms. Elwell further responds that she has discussed this lawsuit and the claims pending in this lawsuit with her husband and with the other defendants. Finally, Ms. Elwell believes she discussed the fact that this lawsuit had been filed against her with Elisa at Crowley Maritime.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 9 as overly broad, unduly

**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Ms. Elwell has discussed this broad range of topics. Ms. Elwell further objects to Interrogatory No. 8 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she has not discussed the contents of the documents described in the Complaint, Doc. No. 1, at ¶ 42, with any person because she did not receive such documents. Ms. Elwell further responds that she has discussed this lawsuit and the claims pending in this lawsuit with her husband and with the other defendants. Finally, Ms. Elwell believes she discussed the fact that this lawsuit had been filed against her with Elisa at Crowley Maritime.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 9 as overly broad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Elwell responds that the email address in which she received any documents referenced in Interrogatory No. 2 / Request for Production No. 1, this lawsuit, or Mr. Rulh's expulsion is michele.elwell021@gmail.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 10 to the extent that it seeks information outside of her possession, custody, or control, since she cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral; excluding any contacts that were made during the course and scope of Your employment at CLS, were within the scope of Your ordinary duties at CLS, and related exclusively to the day-to-day operations of CLS.

6

**ANSWER:** Ms. Elwell objects to Interrogatory No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Interrogatory No. 11 because she has no way of knowing who "is now or was ever a customer of CLS." Ms. Elwell has not worked for CLS since 2015. Moreover, CLS has no basis for inquiring into such contacts. Ms. Elwell is not subject to any prohibitions regarding such contacts. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she has not made use of any customer list(s) of CLS from January 1, 2017 to the present, since she has not received any such customer list(s). Ms. Elwell further responds that she recalls speaking with Cheryl Arceneaux of Oceaneering on the phone because she is a friend. Ms. Elwell does not recall when this took place or even if it was within the last year.

**INTERROGATORY NO. 12**

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:** Ms. Elwell objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Ms. Elwell responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, and that additional facts may be revealed during discovery. Ms. Elwell will supplement this Answer as necessary.

**INTERROGATORY NO. 13**

Identify each and every Person You intend to call as a witness at the hearing on

7

the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:** At this time, Ms. Elwell does not know which, if any, witnesses she will call at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

**INTERROGATORY NO. 14**

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Michele Elwell that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

**ANSWER:** Ms. Elwell responds that the denials contained in her Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories. Ms. Elwell never received the documents described in the Complaint, Doc. No. 1, at ¶ 42.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 2. Subject to and without waiving such objections, please see

attached documents.

**REQUEST FOR PRODUCTION NO. 2**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 5. Ms. Elwell will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 3**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 6. Ms. Elwell will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 4**

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 7. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of every Document or Communication that evidences any discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 8. Subject to and without waiving such objections, please see

response to Request for Production No. 10. With respect to Ms. Elwell's contact with Elisa from Crowley Maritime, such conversation was verbal and no responsive documents exist..

**REQUEST FOR PRODUCTION NO. 6**

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 10. Subject to and without waiving such objections, Ms. Elwell responds that she did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Ms. Elwell is not in possession of any documents responsive to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7**

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 11. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8**

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 12. Subject to and without waiving such objections, Ms. Elwell responds that she is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Ms.

Elwell will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Ms. Elwell incorporates by reference the objections contained in her Answer to Interrogatory No. 14. Subject to and without waiving such objections, Ms. Elwell responds that she did not identify any documents in response to Interrogatory No. 14. Thus, Ms. Elwell is not in possession of any documents responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Ms. Elwell objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Request is for "every Communication to which any Defendant was a party" – Ms. Elwell herself is a Defendant, so such a Request includes every single email that Ms. Elwell sent or received that even mentions CLS and/or any employee of CLS in the last year and a half, an unreasonably broad request. Ms. Elwell further objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations against Ms. Elwell in this suit

11

relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. There is no basis for inquiring into her personal communications for 1 ½ years. Subject to and without waiving the foregoing objections, Ms. Elwell responds that attached are documents regarding the issues in this lawsuit, CLS's actions against Mr. Rulh, and/or Mr. Rulh's expulsion from CLS. Ms. Elwell is not in possession of any documents containing CLS financial or customer information, other than what was produced in response to the TRO. Other communications, including Ms. Elwell's personal communications, are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Elwell did not negotiate or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Ms. Elwell did not request the Non-Disclosure Agreement attached to the Complaint as Exhibit E. Ms. Elwell is not in possession of any documents responsive to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 12**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Elwell objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Elwell further objects to Request No. 12 because she did not request, draft,

negotiate, or execute the Non-Disclosure Agreement. Ms. Elwell has not been an employee of CLS since 2015 and has no obligations to CLS. She did not receive any of the documents referenced in the Complaint, Doc. No. 1, at ¶ 42. Subject to and without waiving the foregoing objections, Ms. Elwell responds that, to her knowledge, no business(es) contemplated by the Non-Disclosure Agreement have been formed.

**REQUEST FOR PRODUCTION NO. 13**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is not limited by subject matter. Subject to and without waiving the foregoing objections, Ms. Elwell responds that she is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 14 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell

is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 15**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Shawana Harris from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 15 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 16**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 16 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e-mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Ms. Elwell objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 17 is not limited by subject matter. Moreover, the allegations against Ms. Elwell in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Elwell has not worked for CLS since 2015. Ms. Elwell is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Elwell responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any

other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 18**

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. However, it is presumed that the document referred to is the same document that Ms. Elwell turned over pursuant to the TRO in this case. Based on that presumption, Ms. Elwell responds that Mr. Rulh sent the document to her and she did not request it, expect it, or use it. To her knowledge, no businesses contemplated in the "new venture overview" document have ever been formed.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Ms. Elwell does not know which, if any, exhibits she will introduce at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

Respectfully submitted,

*s/ Ashley E. Bane*
GEORGE FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
MICHAEL W. MCCOY (Tx. No. 13471850)
ASHLEY E. BANE (La. Bar No. 35640)
CAROLINE J. SANCHES (La. Bar No. 37295)

**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
        nsullivan@frfirm.com
        mwm@frfirm.com
        abane@frfirm.com
        csanches@frfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 25th day of June, 2018, served a copy of the foregoing on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*s/ Ashley E. Bane*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

## DECLARATION OF MICHELLE ELWELL

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Michelle Elwell declare under penalty of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

Executed on this 24th day of June, 2018.

*/s/ Michelle Elwell*
Michelle Elwell

Verification Page – Elwell's Answers to Interrogatories