UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC<br><br>    Plaintiff,<br><br>versus<br><br>DONALD RULH, JR., et al.<br><br>    Defendants. | Civil Action No. 2:18-cv-3799<br><br>Judge Fallon<br><br>Magistrate Judge North |

### SHAWANA HARRIS'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant Shawana Harris ("Ms. Harris") and responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all Person(s) that provided answers to this Discovery or assisted in answering this Discovery.

**ANSWER**: These Interrogatories were answered by Ms. Harris, with the assistance of undersigned counsel.

**INTERROGATORY NO. 2**

Identify each and every Document or Communication that was ever in Your possession at any time from January 1, 2017 to present that contains, references, mentions, or relates to, CLS' customer list, any financial information or data regarding CLS, and/or the Misappropriated Trade Secrets.

**ANSWER**: Ms. Harris objects to Interrogatory No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible



EXHIBIT I

evidence. Ms. Harris further objects to Interrogatory No. 2 to the extent that it seeks information that is not in Ms. Harris's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Harris further objects because she was an employee of CLS until March 2018 and, upon her termination, her devices were confiscated by CLS, and materials responsive to this request may be contained on such devices. Ms. Harris further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Finally, Ms. Harris objects to Interrogatory No. 2 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not in possession of any documents related to CLS's customer lists or financials.

**INTERROGATORY NO. 3**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify the date on which the Document or Communication came into Your possession, the source from which you received the Document, the method of transmission by which you received the Document (*i.e.* e-mail, manual delivery, downloaded from computer system, etc.), and the circumstances under which the Document left your possession.

**ANSWER**: Ms. Harris objects to Interrogatory No. 3 to the extent that it seeks information that is not in Ms. Harris's possession, since it seeks information regarding documents that were in her possession at some point but are no longer in her possession. Ms. Harris further objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Ms. Harris responds that she did not identify any documents of communications in

response to Interrogatory No. 2. Accordingly, no response to Interrogatory No. 3 is required.

**INTERROGATORY NO. 4**

Indicate whether you ever possessed the Misappropriated Trade Secrets. If You admit to possessing the Misappropriated Trade Secrets, Identify the reason for which You possessed the Misappropriated Trade Secrets, the source of Your right (if any) to possess the Misappropriated Trade Secrets, and the limits of Your right (if any) to possess the Misappropriated Trade Secrets.

**ANSWER:** Ms. Harris objects to Interrogatory No. 4 on the grounds that it mischaracterizes the documents described in the Complaint, Doc. No. 1, at ¶ 42, as "misappropriated" and "trade secrets." Subject to and without waiving the foregoing objection, Ms. Harris responds that she has never possessed the documents described in the Complaint, Doc. No. 1, at ¶ 42. If such documents were sent to her, she did not receive them.

**INTERROGATORY NO. 5**

For each affirmative defense asserted in Your Answer, Identify every Document and/or Communication that supports the defense and provide a description of all facts supporting the defense.

**ANSWER:** Ms. Harris objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 5 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Harris objects to Interrogatory No. 5 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Harris will supplement this Answer as necessary.

**INTERROGATORY NO. 6**

For each allegation in the Complaint that You denied in Your Answer, Identify every Document and/or Communication that supports Your denial of the allegation and provide a description of all facts supporting the denial.

**ANSWER:** Ms. Harris objects to Interrogatory No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 6 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Finally, Ms. Harris objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney-client and/or work product privileges. Ms. Harris will supplement this Answer as necessary.

**INTERROGATORY NO. 7**

For each Document or Communication Identified in response to Interrogatory No. 2, separately Identify each and every Person, excluding Your attorneys, with whom You shared the Document or Communication, including the date on which You shared the Document or Communication, the circumstances under which the Document or Communication was shared, and the reason why You shared the Document or Communication with that Person.

**ANSWER:** Ms. Harris objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Harris responds that she did not identify any documents of communications in response to Interrogatory No. 2. Accordingly, no response to Interrogatory No. 7 is required.

**INTERROGATORY NO. 8**

Identify each Person, excluding Your attorneys, with whom you have discussed this Action, any claim pending in this Action, the expulsion of Donald Rulh Jr. from CLS, or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Harris objects to Interrogatory No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to request the identities of each person with whom Ms. Harris has discussed this broad range of topics. Ms. Harris further objects to Interrogatory No. 8 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Subject to and without waiving the foregoing objections, Ms. Harris responds that she has not discussed the contents of the documents described in the Complaint, Doc. No. 1, at ¶ 42, with any person because she did not receive such documents. Ms. Harris further responds that she has discussed this lawsuit and the claims pending in this lawsuit with family members and the other defendants in this lawsuit.

**INTERROGATORY NO. 9**

Identify each e-mail address from which You have sent or received any e-mail communication that contains, references, mentions, relates to: any Document or Communication Identified in response to Interrogatory No. 2, this Action, the expulsion of Donald Rulh Jr. from CLS, and/or any other matter related to the present disputes between CLS and Defendants.

**ANSWER:** Ms. Harris objects to Interrogatory No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Ms. Harris responds that,

other than her former work email address, which she no longer has access to, the email address in which she received any documents regarding this lawsuit and the disputes therein and/or the expulsion of Donald Rulh is shawjos73@yahoo.com.

**INTERROGATORY NO. 10**

Identify each and every contract or agreement, whether written or oral, to which You or Defendants were a party related to the formation of a business enterprise that was negotiated, discussed, or executed at any time from January 1, 2017 to present.

**ANSWER:** Ms. Harris objects to Interrogatory No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 10 to the extent that it seeks information outside of her possession, custody, or control, since she cannot possibly know each and every contract or agreement to which other Defendants were or are a party from January 1, 2017 to present. Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not and has not been a party to any contracts or agreements with any other Defendants related to the formation of a business enterprise from January 1, 2017 to present.

**INTERROGATORY NO. 11**

Identify each and every Person that (i) is now or was ever a customer of CLS, and (ii) that You have contacted at any time from January 1, 2017 to present, including the date of each and every such contact, the purpose of any such contact, and the substance of any conversation, whether written or oral; excluding any contacts that were made during the course and scope of Your employment at CLS, were within the scope of Your ordinary duties at CLS, and related exclusively to the day-to-day operations of CLS.

**ANSWER:** Ms. Harris objects to Interrogatory No. 11 as overly broad, unduly

burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Interrogatory No. 11 because she has no way of knowing who "is now or was ever a customer of CLS." Ms. Harris is not currently employed by CLS. She has no access to customer lists. Moreover, CLS has no basis for inquiring into such contacts. Ms. Harris is not subject to any prohibitions regarding such contacts. Subject to and without waiving the foregoing objections, Ms. Harris responds that she spoke to Cheryl Arceneaux of Oceaneering sometime shortly after she was terminated from CLS. Ms. Harris cannot recall whether it was Ms. Arceneaux or Ms. Harris that initiated the call. Ms. Harris and Ms. Arceneaux are friends. Ms. Harris told Ms. Arceneaux that she had been terminated from CLS, but Hunter at CLS would be able to take care of her needs. During the conversation, Ms. Harris specifically told Ms. Arceneaux that she was not seeking business from her.

**INTERROGATORY NO. 12**

Identify each and every act of CLS that You contend constitutes an Unfair Trade Practice as alleged in Count II of Your Counterclaim.

**ANSWER:** Ms. Harris objects to Interrogatory No. 12 as premature because discovery is just beginning. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452 (E.D. La. July 13, 2017). Subject to and without waiving the foregoing objection, Ms. Harris responds that the acts constituting Unfair Trade Practices have been set out in Defendants' Answer, Counterclaims, and Third Party Complaint, Doc. No. 30, and that additional facts may be revealed during discovery. Ms. Harris will supplement this Answer as necessary.

**INTERROGATORY NO. 13**

Identify each and every Person You intend to call as a witness at the hearing on

the preliminary injunction in this matter, including in Your Identification a description of their anticipated testimony.

**ANSWER:** At this time, Ms. Harris does not know which, if any, witnesses she will call at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

**INTERROGATORY NO. 14**

For each Request for Admission contained in Plaintiff's First Set of Requests for Admission to Shawana Harris that You denied, Identify each and every fact supporting Your denial of the Request and Identify each and every Document and/or Communication that supports Your denial of the Request.

**ANSWER:** Ms. Harris responds that the denials contained in her Answers to Plaintiff's First Set of Requests for Admission speak for themselves. If any explanations are required, they are contained in the Answers to Requests for Admissions themselves or elsewhere in these Answers to Interrogatories. Ms. Harris never received the documents described in the Complaint, Doc. No. 1, at ¶ 42.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 2.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 2. Subject to and without waiving such objections, Ms. Harris

responds that she did not identify any documents/communications in response to Interrogatory No. 2. Accordingly, she is not in possession of any documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 5.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 5. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 3**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 6.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 6. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 4**

Produce a copy of every Document or Communication that evidences each act of sharing Identified in Your response to Interrogatory No. 7.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 7. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any documents/communications in response to Interrogatory Nos. 2 and 7. Accordingly, she is not in possession of any documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of every Document or Communication that evidences any

discussions Identified in Your response to Interrogatory No. 8.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 8. Subject to and without waiving such objections, please see response to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 6**

Produce a copy of every Document or Communication that evidences any contract or agreement Identified in Your response to Interrogatory No. 10.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 10. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any contract or agreement in response to Interrogatory No. 10. Thus, Ms. Harris is not in possession of any documents responsive to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7**

Produce a copy of every Document or Communication that evidences any contact Identified in Your response to Interrogatory No. 11.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 11. Subject to and without waiving such objections, Ms. Harris responds that she is not in possession of any documents responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8**

Produce a copy of every Document or Communication that evidences any act Identified in Your response to Interrogatory No. 12.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 12. Subject to and without waiving such objections, Ms. Harris

responds that she is not in possession of any documents responsive to Request No. 8 at this time, but that documents responsive to Request No. 8 may be revealed during discovery. Ms. Harris will supplement this Response as necessary.

**REQUEST FOR PRODUCTION NO. 9**

Produce a copy of every Document or Communication Identified in Your response to Interrogatory No. 14.

**RESPONSE:** Ms. Harris incorporates by reference the objections contained in her Answer to Interrogatory No. 14. Subject to and without waiving such objections, Ms. Harris responds that she did not identify any documents in response to Interrogatory No. 14. Thus, Ms. Harris is not in possession of any documents responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10**

Produce a copy of every Communication to which any Defendant was a party, specifically including but not limited to e-mail messages, text messages, instant messages, or the like, from January 1, 2017 to present that references, mentions, or relates to CLS, any employee or member of CLS, CLS's disputes with Mr. Rulh, this Action, any threated action by CLS against Mr. Rulh, any threatened action by CLS against Defendants, or any similar matter.

**RESPONSE:** Ms. Harris objects to Request No. 10 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks emails "to which any Defendant was a party," which includes Ms. Harris herself. In addition, it seeks correspondence that even references CLS (a company Ms. Harris worked for until March 2018) or any employee or member of CLS (people that Ms. Harris knows personally) and does not reasonably limit the scope or subject matter. Ms. Harris

further objects to Request No. 10 to the extent that it seeks information not within her custody or control. She was an employee of CLS until March 2018 and her electronic devices were confiscated when she left. Ms. Harris further objects to Request No. 10 to the extent that it seeks information subject to the attorney-client, work product, joint defense, and/or common legal interest privilege. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. There is no basis for inquiring into her personal communications for 1 ½ years. Subject to and without waiving the foregoing objections, Ms. Harris responds that attached are documents regarding the issues in this lawsuit, CLS's actions against Mr. Rulh, and/or Mr. Rulh's expulsion from CLS. Ms. Harris is not in possession of any documents containing CLS financial or customer information. Other communications, including Ms. Harris's personal communications, are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 11**

Produce a copy of every Document or Communication that discusses, references, mentions, or relates to the "Non-Disclosure Agreement" attached to the Complaint as Exhibit E. This request specifically includes any Documents or Communications related to the negotiation or execution of the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Harris responds that she did not request, or negotiate, or execute the Non-Disclosure Agreement attached to the Complaint as Exhibit E. If the Non-Disclosure Agreement was sent to her, Ms. Harris does not recall receiving it. Thus, she is not in possession of any documents responsive to Request No. 11.

**REQUEST FOR PRODUCTION NO. 12**

Produce a copy of every Document or Communication that discusses, references,

mentions, or relates to the business(es) contemplated by the "Non-Disclosure Agreement."

**RESPONSE:** Ms. Harris objects to Request No. 12 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Harris further objects to Request No. 12 because she did not request, or negotiate, or execute the Non-Disclosure Agreement. If the Non-Disclosure Agreement was sent to her, Ms. Harris does not recall receiving it. Subject to and without waiving the foregoing objections, Ms. Harris responds that, to her knowledge, no business(es) contemplated by the Non-Disclosure Agreement that was attached to the Complaint have been formed.

**REQUEST FOR PRODUCTION NO. 13**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Janet Pipitone from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 13 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is not limited by subject matter. Subject to and without waiving the foregoing objections, Ms. Harris responds that she is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Morris Kahn from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In

13

addition, Request No. 14 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 15**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Michele Elwell from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 15 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 15 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 16**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Donald Rulh, Jr. from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 16 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Communications, particularly including, but not limited to, text messages, e- mail messages, electronic instant messages, and the like, between You and Arnold Baker from January 2018 to Present.

**RESPONSE:** Ms. Harris objects to Request No. 17 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 17 is not limited by subject matter. Moreover, the allegations against Ms. Harris in this suit relate to information that CLS alleged was sent to her in March 2018 – information that she never received. Ms. Harris is personal friends with the other Defendants

and there is no basis for inquiring into her personal communications. Subject to and without waiving the foregoing objections, Ms. Harris responds that any communications regarding this lawsuit and the claims therein, CLS financial information, and/or disputes with CLS have been produced in response to Request No. 10. Any other communications are outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 18**

Produce all Documents and Communications that discuss, reference, mention, or relate to the "new venture" described in the "new venture overview" document attached hereto as Exhibit A.

**RESPONSE:** No document was attached to the Requests as Exhibit A. Ms. Harris responds that she did not receive any document titled "new venture overview." Accordingly, she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of each and every exhibit that You intend to introduce at the preliminary injunction hearing in this matter.

**RESPONSE:** At this time, Ms. Harris does not know which, if any, exhibits she will introduce at the preliminary injunction hearing in this matter because she has not begun preparations for such hearing.

Respectfully submitted,

*s/ Ashley E. Bane*

GEORGE FOWLER, III (La. Bar No. 5798)
NORMAN SULLIVAN (La. Bar No. 12574)
ASHLEY E. BANE (La. Bar No. 35640)
MICHAEL W. MCCOY (Tx. No. 13471850)
**FOWLER RODRIGUEZ**
400 Poydras St., 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Fax: (504) 523-2705
Email: fow@frfirm.com
nsullivan@frfirm.com
abane@frfirm.com
mwm@frfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 25th day of June, 2018, served a copy of the foregoing on counsel for all parties to this proceeding via electronic mail and/or U.S. mail.

*s/ Ashley E. Bane*

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE LOGISTICAL SERVICES, LLC

    Plaintiff,

versus

DONALD RULH, JR., et al.

    Defendants.

Civil Action No. 2:18-cv-3799

Judge Fallon

Magistrate Judge North

## DECLARATION OF SHAWANA HARRIS

According to the provision of 28 U.S.C. § 1746 and in lieu of a verification, I, Shawana Harris, declare under penalty of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge.

Executed on this 25 day of June, 2018.

*/s/ Shawana Harris*
Shawana Harris

Verification Page – Harris's Answers to Interrogatories