UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC, | ) ) ) | Civil Action No.: 18-3799 |
| Plaintiff, | ) ) ) | Judge: Eldon E. Fallon |
| versus | ) ) ) | Magistrate Judge: Michael North |
| DONALD RULH, JR., ARNOLD BAKER, MORRIS KAHN, MICHELLE ELWELL, AND SHAWANA HARRIS | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLETE LOGISTICAL SERVICES, LLC'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

NOW COMES, through undersigned counsel, Plaintiff, Complete Logistical Services, LLC (hereinafter "CLS"), and responds to Defendants' First Set of Requests for Production ("Defendants' Discovery Requests") as follows:

### GENERAL OBJECTIONS

1.     CLS responds to Defendants' Discovery Requests subject to, without intending to waive and expressly reserving (1) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the responses; and (2) the right to object to other requests involving or relating to the subject matter of the Discovery Requests responded to herein.

2.     Notwithstanding anything to the contrary contained in in response to Defendants' Discovery Requests, CLS assumes no burden or duty to amend or supplement these answers beyond the duty imposed by the Federal Rules of Civil Procedure.

3.     CLS objects to Defendants' Discovery Requests insofar as they request identification of information and production of documents protected by the attorney-client


EXHIBIT

privilege, the work-product doctrine and/or any other privilege or immunity afforded by law for documents and communications.

      4.     CLS objects to Defendants' Discovery Requests insofar as they request information and/or documents obtained by its attorneys and/or agents during the course of investigation in anticipation of litigation.

      5.     CLS objects to Defendants' Discovery Requests to the extent that they request production of information and/or documents of public record which are equally accessible to the parties.

      6.     CLS objects to Defendants' Discovery Requests to the extent that they request that CLS produce information and/or documents not within its possession, custody and/or control.

      7.     CLS objects to the scope of each and every Discovery Request seeking information or documentation which is overly broad, unduly burdensome, not relevant to or not proportional to the needs of the case.

Subject to the foregoing General Objections, CLS responds to Defendants' Discovery Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents referred to and/or relied upon in responding to Defendants First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Please see CLS' document production.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all written policies of CLS regarding confidential and/or trade secret information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide CLS profit and loss statements, whether computerized or not, for the period January 22, 2013 – January 22, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CLS objects to Request No. 3 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 4:**

Please provide CLS profit and loss statements, whether computerized or not, for the period January 22, 2018 – present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

CLS objects to Request No. 4 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide CLS income statements, whether computerized or not, for the period January 22, 2013 – January 22, 2018.

PD.23765523.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

CLS objects to Request No. 5 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide CLS income statements, whether computerized or not, for the period January 22, 2018 – present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

CLS objects to Request No. 6 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide CLS balance sheets, ledgers, and trial balances, whether computerized or not, for the period January 22, 2013 – January 22, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

CLS objects to Request No. 7 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide CLS balance sheets, ledgers, and trial balances, whether computerized or not, for the period January 22, 2018 – present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

CLS objects to Request No. 8 because it seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 9:**

Please provide copies of checks written from CLS's accounts for the period January 22, 2013 – January 22, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CLS objects to Request No. 9 because it is overly broad, unduly burdensome, and seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide copies of checks written from CLS's accounts for the period January 22, 2018 – present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1O:**

CLS objects to Request No. 10 because it is overly broad, unduly burdensome, and seeks information that: (1) is not relevant or proportional to the needs of the case, (2) Defendants are not entitled to possess, and (3) is confidential and proprietary to CLS.

**REQUEST FOR PRODUCTION NO. 11**

Please provide any and all documents, including but not limited to correspondence, meeting minutes, and/or resolutions, evidencing actions taken to expel Donald Rulh, Jr. from CLS and/or make him an assignee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 12:**

Please provide any and all correspondence between Mr. Rulh and/or his counsel, on the one hand, and CLS and/or its members or counsel, on the other hand, regarding actions to expel Mr. Rulh from CLS and/or make him an assignee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 13:**

Please provide any and all correspondence between members and/or employees of CLS, on the one hand, and members and/or employees of any Related Entities (including but not limited to Trash Doctors, LLC, Fourchon Launch Services, LLC, Complete Environmental Services, LLC, Ocean Air Logistics, LLC, and/or Maritime Gangway Rentals, LLC), on the other hand, regarding CLS's financial condition, financial statements, profit & loss statements, sales by customer, or other financial information, from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

CLS objects to Request No. 13 because it is overly broad, unduly burdensome, not properly limited as to time, and seeks information not relevant or proportional to the needs of the case. Further answering, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all correspondence from members and/or employees of CLS to any individuals who are not members or employees of CLS regarding CLS's financial condition,

6

financial statements, profit & loss statements, sales by customer, or other financial information, from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

CLS objects to Request No. 14 because it is overly broad and unduly burdensome to the extent that it seeks correspondence with CLS' retained accountants, tax professionals, and/or attorneys, not properly limited as to time, and seeks information not relevant or proportional to the needs of the case. Further answering, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide any and all correspondence between members and/or employees of CLS, on the one hand, and members and/or employees of any Related Entities (including but not limited to Trash Doctors, LLC, Fourchon Launch Services, LLC, Complete Environmental Services, LLC, Ocean Air Logistics, LLC, and/or Maritime Gangway Rentals, LLC), on the other hand, regarding CLS's customer list(s), from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

CLS is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Please provide any and all correspondence from members and/or employees of CLS to any individuals who are not members or employees of CLS regarding CLS's customer list(s), from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

None other than correspondence with factoring companies as required to obtain loan approval.

PD.23765523.1

**REQUEST FOR PRODUCTION NO. 17:**

Please provide CLS's Articles of Organization and any and all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide any and all notices of meetings of the members of CLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

CLS objects to Request No. 18 because it is overly broad, unduly burdensome, not properly limited as to time, and seeks information not relevant or proportional to the needs of the case. Further answering, all notices of meetings of the members of CLS from January 1, 2017 to present are produced herewith.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide all recorded minutes of meetings of the members of CLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

CLS objects to Request No. 19 because it is overly broad, unduly burdensome, not properly limited as to time, and seeks information not relevant or proportional to the needs of the case. Further answering, all minutes of meetings of the members of CLS from January 1, 2017 to present are produced herewith.

**REQUEST FOR PRODUCTION NO. 20**

Please provide any and all consents in writing which decided any action of the members of CLS.

**RESPONSE TO REQUEST FOR PRODUCITON NO. 20:**

CLS objects to Request No. 20 because it is overly broad, unduly burdensome, not properly limited as to time, and seeks information not relevant or proportional to the needs of the case. Further answering, all written consents of the members of CLS from January 1, 2017 to present are produced herewith.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide any and all documents evidencing action by the members of CLS in which Angela Verdin was appointed or named as a manager of CLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

CLS objects to Request No. 21 because it seeks information not relevant or proportional to the needs of the case. Further answering, CLS is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide any and all records of agreements between CLS and its members and/or employees regarding non-competition with and/or non-disparagement of CLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

CLS objects to Request No. 22 because it is not properly limited as to time and seeking information not relevant or proportional to the needs of the case to the extent that its seeks information with a limit as to time. Further answering, please see the documents produced herewith. CLS is in the process of locating additional information responsive to this request and reserves the right to supplement this request.

9

**REQUEST FOR PRODUCTION NO. 23:**

Please provide any and all records of any presentations given by any members, managers, and/or employees of CLS, including but not limited to Spencer Sens and Angela Verdin, to any organization other than CLS in which the presenter discussed CLS Confidential Information, as defined in the Memorandum in Support of CLS's Motion for Temporary Restraining Order (Doc. No. 3-1). Such organizations include, but are not limited to, the Greater New Orleans Executives Association, Goldman Sachs, and/or Vistage. Such records include, but are not limited to, notes, PowerPoint presentations, visual aids, handouts, and/or outlines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

CLS objects to Request No. 23 because it is not properly limited as to time and seeks information not relevant or proportional to the needs of the case to the extent that its seeks information without any limit as to time.  CLS further objects to Request No. 23 because it is overbroad and vague and ambiguous to the extent that it requests documents regarding the "discussion" of CLS Confidential Information.  Further answering, please see see the documents produced herewith..  CLS further notes that the presentations produced were presented subject to strict confidentiality policies, which are also produced.

**REQUEST FOR PRODUCTION NO. 24**

Please provide any and all documents evidencing action by the members of CLS in which Brett Casey was made a member of CLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

CLS objects to Request No. 24 because seeks information not relevant or proportional to the needs of the case.  Further answering, please see the documents produced herewith.

10

PD.23765523.1

**REQUEST FOR PRODUCTION NO. 25:**

Please provide any and all correspondence, including text messages, between members of CLS and Kelli Rulh, concerning CLS and/or Donald Rulh, Jr., from 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

CLS objects to Request No. 24 because seeks information not relevant or proportional to the needs of the case.  Further answering, see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide any and all correspondence, including text messages, between Spencer Sens and Donald Rulh, Jr., concerning Mr. Rulh's salary, Mr. Rulh's deferment of salary, and/or agreements to make up for Mr. Rulh's salary deferments via quarterly bonuses or other compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Please see the documents produced herewith.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Arthur R. Kraatz*
       David L. Patrón (Bar #22566)
       Bruce V. Schewe (Bar #11771)
       Ashley J. Heilprin (Bar #34928)
       Arthur R. Kraatz (Bar #35194)
       Canal Place | 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: 504-566-1311
       Facsimile: 504-568-9130
       Email: patrond@phelps.com
       Email: scheweb@phelps.com
       Email: ashley.heilprin@phelps.com
       Email: arthur.kraatz@phelps.com

**ATTORNEYS FOR PLAINTIFF COMPLETE LOGISTICAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of June, 2018, served a copy of the foregoing on counsel for all parties to this proceedings via electronic mail.

*/s/ Arthur R. Kraatz*

12