UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC<br><br>    Plaintiff,<br><br>versus<br><br>DONALD RULH, JR., et al.<br><br>    Defendants. | Civil Action No. 2:18-cv-3799<br><br>Judge Fallon<br><br>Magistrate Judge North |

**<u>ORDER & REASONS</u>**

Before the Court is Defendants' Motion for Partial Summary Judgment, R. Doc. 52. Plaintiff has responded in opposition. R. Doc. 66. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

**I.   BACKGROUND**

Plaintiff Complete Logistical Services, LLC ("CLS") is a Louisiana LLC that provides contract labor to maritime industries. R. Doc. 1 at 1. CLS was formed in August 2011 and had three members, Mr. Spencer Sens, Dr. Natchez Morice, III, and Defendant Donald Ruhl, Jr. R. Doc. 13-2 at 3. The other members of CLS have voted to treat Mr. Rulh as "an assignee of the Company" and have removed his authority to manage the business or act unilaterally for the business. R. Doc. 1 at 5-6. These members have also taken steps to pursue expulsion of Mr. Rulh from CLS. R. Doc. 1 at 7. CLS' claims that it has developed and maintained trade secrets and confidential information. R. Doc. 1 at 7. CLS' alleges that, with the help of some other CLS employees, Mr. Rulh has stolen confidential information including financial statements, customer lists, and sales records. R. Doc. 1 at 8. CLS alleges that these documents were printed, scanned,

1

and then emailed to Rulh's personal email account. R. Doc. 1 at 8. CLS claims that because he was treated as an assignee and placed on administrative leave Rulh was not authorized to take these documents. R. Doc. 1 at 8. CLS further alleges that Rulh intends to use the information in these documents to compete with CLS and has been harassing CLS employees. R. Doc. 1 at 9-10. CLS believes that Rulh intends to start a competing business based on a Non-Disclosure agreement between Rulh and the remaining defendants. R. Doc. 1-7.

CLS brings this case against Defendants Donald Rulh, Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris. R. Doc. 1 at 1. Defendants Michelle Elwell and Shawana Harris are former employees of CLS. R. Doc. 1 at 3. CLS alleges that Rulh has breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and taken confidential and proprietary information. R. Doc. 1 at 1-3. CLS brings claims against Defendants for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act; Louisiana Unfair Trade Practices Act ("LUTPA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. R. Doc. 1 at 3. Additionally, CLS seeks injunctive relief. R. Doc. 1 at 4.

On April 12, 2018 the Court held a telephone hearing with CPS and granted CPS a temporary restraining order that directed Defendants to return materials taken from CPS including a computer allegedly purchased with CPS funds. R. Doc. 8. On April 13, 2018 Defendant moved for an extension of the deadline to comply with the temporary restraining order. R. Doc. 10. The Court granted in part Defendants' motion to extend deadlines. R. Doc. 11.

On May 7, 2018, Defendants answered the complaint and filed a counterclaim. R. Doc. 30. Defendants generally deny Plaintiff's claims and assert several affirmative defenses including

2

failure to state a claim. R. Doc. 30. Defendants also raise a counterclaim and third-party claim against Plaintiff CLS and Third-Party Defendants Spencer Sens and Natchez Morice III. R. Doc. 30 at 12. Defendant Ruhl alleges that Plaintiff and Third-Party Defendants took advantage of his work for Plaintiff CLS and have deprived him of his fair and lawful compensation. R. Doc. 30 at 13-15. Defendant Ruhl further alleges that Third-Party Defendants have conspired against him, threatened his family, made false statements about him, and deprived him of access to CLS financial records. R. Doc. 30 at 14-16. Defendants Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris allege that they should not have been named as defendants in the original complaint made by CLS. R. Doc. 30 at 16-17.

II. **PRESENT MOTION**

Defendants Shawana Harris, Michele Elewell, Arnold Baker, and Morris Khan ("Non-Ruhl Defendants") move for summary judgment on Plaintiff's claims against them. R. Doc. 52. Defendants Harris and Elwell argue that Plaintiff's claims against them fail because they never received or were in possession of the alleged trade secrets upon which Plaintiff's claims are based. R. Doc. 52-1 at 4-5. Defendants Baker and Khan argue that they did not receive the alleged trade secrets through improper means because they merely received the information in unsolicited emails from Defendant Ruhl and have not disclosed or used the information. R. Doc. 52-1 at 5. Therefore the non-Ruhl Defendants argue that Plaintiff's claims for misappropriation and the rest of the claims which are based on misappropriation should be dismissed. R. Doc. 52-1 at 5.

Plaintiff responds in opposition arguing that Defendants' motion is premature and that there are already genuine issues of material fact. R. Doc. 66 at 1. First, Plaintiff argues that for each defendant there are material facts already discovered that prevent summary judgment. R. Doc. 5-6. Regarding Defendants Elwell and Harris, Plaintiff argues that Defendants have produced

3

documents showing that they received CLS' trade secrets. R. Doc. 66 at 7-8. Regarding Defendants Baker and Kahn, Plaintiff argues that Defendants have produced documents suggesting that they knew Defendant Ruhl was going to email CLS' trade secrets to them and that they knew these trade secrets were misappropriated. R. Doc. 66 at 9-10.

Second, Plaintiff argues that Defendants' motion for summary judgment is premature because discovery has not been completed. R. Doc. 66 at 10. Specifically, Plaintiff argues that it has not completed examination of the electronic devices agreed to by the parties. R. Doc. 66 at 11. Additionally, Plaintiff argues that there are spoliation issues regarding some of the evidence, that Defendants have failed to respond to initial discovery requests, and that additional discovery is likely to produce facts that warrant denial of this motion. R. Doc. 66 at 12-13.

### III. LAW & ANALYSIS

#### a. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the

4

existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

b. **Analysis**

Here, Plaintiff has alleged that the Non-Ruhl Defendants were part of the plan to misappropriate trade secrets and utilize those trade secrets to start a competing business. Plaintiff has demonstrated that documents containing the alleged trade secrets were either in the possession of the Defendants or were sent to them, along with agreements between the Defendants to begin a competing business using the allegedly misappropriated information. Defendants argue that they either did not open the emails that were sent to them containing the secrets or did not know that the emails were coming.

While the facts as developed thus far are certainly not sufficient to prove Plaintiff's claims, they are sufficient to sustain them at this stage of the litigation. Particularly relevant is the fact that discovery in this case is still on going and the facts surrounding the alleged misappropriation and the roles of the various defendants are still developing. Accordingly, the Court finds that

5

Defendants' motion is premature.

## IV. CONCLUSION

Consequently,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 52, is **DENIED**.

New Orleans, Louisiana this 21st day of August, 2018.

                                                            UNITED STATES DISTRICT JUDGE