UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC | |
| Plaintiff, | Civil Action No. 2:18-cv-3799 |
| versus | Judge Fallon |
| DONALD RULH, JR., et al. | Magistrate Judge North |
| Defendants. | |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Dismiss Counterclaims, R. Doc. 49. Defendants' have responded in opposition. R. Doc. 60. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I.   BACKGROUND

Plaintiff Complete Logistical Services, LLC ("CLS") is a Louisiana LLC that provides contract labor to maritime industries. R. Doc. 1 at 1. CLS was formed in August 2011 and had three members, Mr. Spencer Sens, Dr. Natchez Morice, III, and Defendant Donald Ruhl, Jr. R. Doc. 13-2 at 3. The other members of CLS have voted to treat Mr. Rulh as "an assignee of the Company" and have removed his authority to manage the business or act unilaterally for the business. R. Doc. 1 at 5-6. These members have also taken steps to pursue expulsion of Mr. Rulh from CLS. R. Doc. 1 at 7. CLS' claims that it has developed and maintained trade secrets and confidential information. R. Doc. 1 at 7. CLS' alleges that, with the help of some other CLS employees, Mr. Rulh has stolen confidential information including financial statements, customer lists, and sales records. R. Doc. 1 at 8. CLS alleges that these documents were printed, scanned,

and then emailed to Rulh's personal email account. R. Doc. 1 at 8. CLS claims that because he was treated as an assignee and placed on administrative leave Rulh was not authorized to take these documents. R. Doc. 1 at 8. CLS further alleges that Rulh intends to use the information in these documents to compete with CLS and has been harassing CLS employees. R. Doc. 1 at 9-10. CLS believes that Rulh intends to start a competing business based on a Non-Disclosure agreement between Rulh and the remaining defendants. R. Doc. 1-7.

CLS brings this case against Defendants Donald Rulh, Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris. R. Doc. 1 at 1. Defendant Rulh is a member of CLS. R. Doc. 1 at 1. Defendants Michelle Elwell and Shawana Harris are former employees of CLS. R. Doc. 1 at 3. CLS alleges that Rulh has breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and taken confidential and proprietary information. R. Doc. 1 at 1-3. CLS brings claims against Defendants for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act; Louisiana Unfair Trade Practices Act ("LUTPA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. R. Doc. 1 at 3. Additionally, CLS seeks injunctive relief. R. Doc. 1 at 4. On April 12, 2018, the Court held a telephone hearing with CLS and granted CLS a temporary restraining order that directed Defendants to return materials taken from CLS including a computer allegedly purchased with CLS funds. R. Doc. 8. On April 13, 2018, Defendant moved for an extension of the deadline to comply with the temporary restraining order. R. Doc. 10. The Court granted in part Defendants' motion to extend deadlines. R. Doc. 11.

On May 7, 2018, Defendants answered the complaint and filed a counterclaim. R. Doc. 30. Defendants generally deny Plaintiff's claims and assert several affirmative defenses including

failure to state a claim. R. Doc. 30. Defendants also raise counterclaims and third-party claims against Plaintiff CLS and Third-Party Defendants Spencer Sens and Natchez Morice III. R. Doc. 30 at 12. Defendant Ruhl alleges that Plaintiff and Third-Party Defendants took advantage of his work for CLS and have deprived him of his fair and lawful compensation. R. Doc. 30 at 13-15. Ruhl further alleges that Third-Party Defendants have conspired against him, threatened his family, made false statements about him, and deprived him of access to CLS financial records. R. Doc. 30 at 14-16. Defendants Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris allege that they should not have been named as defendants in the original complaint made by CLS. R. Doc. 30 at 16-17.

Accordingly, Defendants bring the following claims against Plaintiff and Third-Party Defendants in their counterclaim/third-party claim:

Counterclaims:

1) claim by Defendant Ruhl against Plaintiff CLS for wrongful or excessive seizure under the Defend Trade Secrets Act;

2) claim by all Defendants against Plaintiff CLS for violations of Louisiana Unfair Trade Practices Act ("LUTPA");

3) claim by Defendant Ruhl against Plaintiff CLS for breach of fiduciary duties and due care;

4) claim by Defendant Ruhl against Plaintiff CLS for breach of contract;

5) claim by Defendant Ruhl against Plaintiff CLS for unjust enrichment;

6) claim by Defendant Ruhl against Plaintiff CLS for conversion;

7) claim by Defendant Ruhl against Plaintiff CLS for member derivative rights; and

8) claim by Defendant Ruhl against Plaintiff CLS for an accounting of CLS.

R. Doc. 30 at 18-24.

Third-Party Claims:

1) claim by all Defendants against Third-Party Defendants Sens and Morice for violations of Louisiana Unfair Trade Practices Act ("LUTPA");

2) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for breach of fiduciary duties and due care;

3) claim by Defendant Ruhl against Third-Party Defendant Morice for defamation;

4) claim by Defendant Ruhl against Third-Party Defendant Sens for breach of contract;

5) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for unjust enrichment;

6) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional infliction of emotional distress;

7) claim by Defendant Ruhl against Third-Party Defendant Sens for fraud;

8) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for conversion;

9) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for member derivative rights;

10) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional interference with a contract; and

11) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for an accounting of CLS.

R. Doc. 30 at 18-24.

## II.    PRESENT MOTION

Plaintiff moves to dismiss several claims brought by Defendants in their Counterclaim. R. Doc. 49. Plaintiff moves to dismiss the Wrongful Seizure claim, the LUTPA claim, the Unjust Enrichment claim, the Conversion claim, the Derivative claim, and the Demand for Accounting. R. Doc. 49-1. Defendants respond in opposition. R. Doc. 60.

## III. LAW & ANALYSIS

### a. Motion to Dismiss Standard – 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. Wrongful Seizure

The Defend Trade Secrets Act affords a remedy for wrongful or excessive seizure under the Act. 18 U.S.C. § 1836(b)(2)(G).

> A person who suffers damage by reason of a wrongful or excessive seizure under this paragraph has a cause of action against the applicant for the order under which such seizure was made, and shall be entitled to the same relief as is provided under section 34(d)(11) of the Trademark Act of 1946 (15 U.S.C. 1116(d)(11)). The security posted with the court under subparagraph (B)(vi) shall not limit the recovery of third parties for damages.

*Id.*

Defendant Ruhl has alleged that CLS knowingly seized information and property that was not confidential and/or did not belong to CLS. CLS argues that it could not have done so because the TRO was narrowly tailored. However, the contents of the TRO are not the same as the actions of CLS. The question of what information and property was taken and whether it fits within the confines of the TRO is a fact question not properly determined on a motion to dismiss.

### c. LUTPA

The LUTPA provides a private cause of action, established in § 1409, for "[a]ny person who suffers an ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405." La. Rev. Stat. § 51:1409. The conduct declared unlawful by § 1405 includes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 51:1405(A).

"[T]he definition of what may constitute an unfair act or practice is broad and subjective. Thus, it is best that the determination of what may amount to an unfair act or practice remain the province of the courts applied on a case by case basis." *Roustabouts, Inc. v. Hamer*, 447 So.2d 543, 548 (La. Ct. App. 1 Cir. 1984). However, there are some limits to this breadth. The Fifth Circuit has held that "[a] trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous." *Schenck v. Living Ctrs.-E., Inc.*, 917 F. Supp. 432, 439 (5th Cir. 1996). Furthermore, proving an unfair trade practice claim requires "some element of fraud, misrepresentation, deception or other unethical conduct." *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 480 (5th Cir. 2002) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994)).

Defendant Ruhl has alleged that CLS deceived him regarding his salary and acted in an unethical manner regarding his membership status. At this early stage, and on a motion to dismiss standard, the Court finds that these claims are sufficient to maintain a LUTPA claim. However, the Non-Ruhl Defendants have merely alleged that they should not be members of this lawsuit. The Non-Ruhl Defendants are free to allege that they are not liable for the claims brought against them. But such allegations do not give rise to claims under the LUTPA. Merely bringing a lawsuit does not "offend[] established public policy" nor is it "immoral, unethical, oppressive or unscrupulous." Accordingly, the Non-Ruhl Defendants' LUTPA claims are at least premature and dismissal is not appropriate at this point in the litigation.

### d. Unjust Enrichment

Under Louisiana law, a claim for unjust enrichment is grounded "on [the] principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another." La. Civ. Code art. 2055. To prove unjust enrichment the claimant must demonstrate 1) enrichment of the defendant, 2) impoverishment of the claimant, 3) "the defendant's enrichment and the plaintiff's impoverishment [are] be causally connected," 4) "neither the enrichment nor the impoverishment [are] justified," and 5) that there is no other remedy at law. *Fidelity & Deposit Co. of Md. v. Smith*, 730 F.2d 1026, 1030 (5th Cir. 1984); *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 432 (La. 1967). Regarding other remedies at law, the Louisiana Supreme Court has held that deciding factor is not the success of another claim, but rather its availability to the plaintiff. *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 241, 242 (La. 2010) (quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. Ct. App. 1 Cir. 2009)) ("The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'").

Here, Ruhl has brought several claims and has several remedies available for the facts of his complaints. Accordingly, because Defendant Ruhl has other remedies available at law, his unjust enrichment claim should be dismissed.

### e. Conversion

Louisiana law recognizes a cause of action for conversion. *See Chrysler Credit Corp. v. Whitney Nat'l Bank*, 51 F.3d 553, 557 (5th Cir.1995). Conversion occurs under the following circumstances:

> 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

*Dual Drilling Co. v. Mills Equip. Inv., Inc.*, 721 So.2d 853, 857 n. 3 (La. 1998). The Louisiana Supreme Court has distinguished conversion in Louisiana law from the common law tort of conversion because Louisiana law does not require a showing of intentional wrong. *See id.*; *Dixie Sav. & Loan Ass'n v. Pitre*, 751 So.2d 911, 921–22 (La. App. 5 Cir. 1999), writ denied, 751 So.2d 855 (La. 1999). The intent required for conversion is an intent to exercise a dominion or control over chattels that is in fact inconsistent with the plaintiff's rights. *See Louisiana State Bar Ass'n v. Hinrichs*, 486 So.2d 116, 121 (La. 1986). A mistake of law or fact does not relieve the defendant of responsibility for the conversion. *See id.*

Defendant Ruhl alleges that CLS has converted his membership interest and salary. However, Ruhl's allegations do not fit into the conversion cause of action. Regarding the membership interest, Ruhl cannot allege that CLS is possessing this interest or is asserting ownership of it against his own ownership because CLS cannot possess interest in itself. Rather, Ruhl is alleging that his membership rights have been unlawfully altered. Regarding the salary

claim, failure to pay salary is not conversion but rather breach of contract. Accordingly, Rulh's complaints are really violations of the membership agreement or an employment contract, claims he has brought. This does not mean Rulh has no valid complaint; it simply means that these complaints are not sufficient for conversion claims.

### f. Derivative Action

A shareholder may file a derivative action on behalf of a corporation when the corporation have been damaged by mismanagement or breach of fiduciary duty. *Thornton ex rel. Laneco Const. Sys., Inc. v. Lanehart*, 723 So.2d 1127, 1131 (La. Ct. App. 1 Cir. 1998). Such suits may be brought when the corporation fails to enforce its own rights. La. Code Civ. Proc. art. 611. "The individual shareholder/plaintiff must bring a derivative action on behalf of the corporation to enforce the corporation's rights against the individual defendants." *Robinson v. Snell's Limbs & Braces of New Orleans, Inc.*, 538 So.2d 1045, 1048 (La. Ct. App. 4 Cir. 1989) (citing La. Rev. Stat. § 12:91; La. Code Civ. Proc. art. 596). For this reason, the true plaintiff in a derivative action is the corporation and the shareholder is merely a "nominal plaintiff." *Id.*

Here, Defendant Ruhl has not alleged any damage to CLS itself, rather he alleges that his own interests in CLS were damaged. Accordingly, the derivative action should be dismissed.

### g. Accounting

Louisiana Revised Statute 12:1319 provides that a member may "[d]emand a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable" unless an agreement of the LLC provides otherwise. La. Rev. Stat. 12:1319(B)(3). Defendant Ruhl demands an accounting of CLS. CLS argues that Ruhl is not entitled to such accounting because he is no longer a full member of CLS. This issue is dependent upon the legal status of Mr. Ruhl as a member or assignee of CLS. This determination contains questions of law

9

and fact that the Court has not yet reached and are not appropriately determined at this stage of the litigation.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Plaintiff's motion to dismiss counterclaims, R. Doc. 49, is **GRANTED IN PART AND DENIED IN PART**. The LUTPA claims brought by the Non-Ruhl Defendants against Plaintiff CLS are hereby **DISMISSED**. The claims brought by Defendant Ruhl against Plaintiff CLS for unjust enrichment, conversion, and derivative action are hereby **DISMISSED**.

New Orleans, Louisiana this 21st day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE