UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPLETE LOGISTICAL SERVICES, LLC<br><br>            Plaintiff,<br><br>versus<br><br>DONALD RULH, JR., et al.<br><br>            Defendants. | Civil Action No. 2:18-cv-3799<br><br>Judge Fallon<br><br>Magistrate Judge North |

**ORDER & REASONS**

Before the Court is Third-Party Defendants' Motion to Strike, R. Doc. 48. Third-Party Plaintiffs' have responded in opposition. R. Doc. 59. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

**I.    BACKGROUND**

Plaintiff Complete Logistical Services, LLC ("CLS") is a Louisiana LLC that provides contract labor to maritime industries. R. Doc. 1 at 1. CLS was formed in August 2011 and had three members, Mr. Spencer Sens, Dr. Natchez Morice, III, and Defendant Donald Ruhl, Jr. R. Doc. 13-2 at 3. The other members of CLS have voted to treat Mr. Rulh as "an assignee of the Company" and have removed his authority to manage the business or act unilaterally for the business. R. Doc. 1 at 5-6. These members have also taken steps to pursue expulsion of Mr. Rulh from CLS. R. Doc. 1 at 7. CLS' claims that it has developed and maintained trade secrets and confidential information. R. Doc. 1 at 7. CLS' alleges that, with the help of some other CLS employees, Mr. Rulh has stolen confidential information including financial statements, customer lists, and sales records. R. Doc. 1 at 8. CLS alleges that these documents were printed, scanned,

1

and then emailed to Rulh's personal email account. R. Doc. 1 at 8. CLS claims that because he was treated as an assignee and placed on administrative leave Rulh was not authorized to take these documents. R. Doc. 1 at 8. CLS further alleges that Rulh intends to use the information in these documents to compete with CLS and has been harassing CLS employees. R. Doc. 1 at 9-10. CLS believes that Rulh intends to start a competing business based on a Non-Disclosure agreement between Rulh and the remaining defendants. R. Doc. 1-7.

CLS brings this case against Defendants Donald Rulh, Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris. R. Doc. 1 at 1. Defendant Rulh is a member of CLS. R. Doc. 1 at 1. Defendants Michelle Elwell and Shawana Harris are former employees of CLS. R. Doc. 1 at 3. CLS alleges that Rulh has breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and taken confidential and proprietary information. R. Doc. 1 at 1-3. CLS brings claims against Defendants for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act; Louisiana Unfair Trade Practices Act ("LUTPA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. R. Doc. 1 at 3. Additionally, CLS seeks injunctive relief. R. Doc. 1 at 4.

On April 12, 2018 the Court held a telephone hearing with CPS and granted CPS a temporary restraining order that directed Defendants to return materials taken from CPS including a computer allegedly purchased with CPS funds. R. Doc. 8. On April 13, 2018 Defendant moved for an extension of the deadline to comply with the temporary restraining order. R. Doc. 10. The Court granted in part Defendants' motion to extend deadlines. R. Doc. 11.

On May 7, 2018, Defendants answered the complaint and filed a counterclaim. R. Doc. 30. Defendants generally deny Plaintiff's claims and assert several affirmative defenses including

failure to state a claim. R. Doc. 30. Defendants also raise a counterclaim and third-party claim against Plaintiff CLS and Third-Party Defendants Spencer Sens and Natchez Morice III. R. Doc. 30 at 12. Defendant Ruhl alleges that Plaintiff and Third-Party Defendants took advantage of his work for Plaintiff CLS and have deprived him of his fair and lawful compensation. R. Doc. 30 at 13-15. Defendant Ruhl further alleges that Third-Party Defendants have conspired against him, threatened his family, made false statements about him, and deprived him of access to CLS financial records. R. Doc. 30 at 14-16. Defendants Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris allege that they should not have been named as defendants in the original complaint made by CLS. R. Doc. 30 at 16-17.

Accordingly, Defendants bring the following claims against Plaintiff and Third-Party Defendants in their counterclaim/third-party claim:

Counterclaims:

1) claim by Defendant Ruhl against Plaintiff CLS for wrongful or excessive seizure under the Defend Trade Secrets Act;

2) claim by all Defendants against Plaintiff CLS for violations of Louisiana Unfair Trade Practices Act ("LUTPA");

3) claim by Defendant Ruhl against Plaintiff CLS for breach of fiduciary duties and due care;

4) claim by Defendant Ruhl against Plaintiff CLS for breach of contract;

5) claim by Defendant Ruhl against Plaintiff CLS for unjust enrichment;

6) claim by Defendant Ruhl against Plaintiff CLS for conversion;

7) claim by Defendant Ruhl against Plaintiff CLS for member derivative rights; and

8) claim by Defendant Ruhl against Plaintiff CLS for an accounting of CLS.

R. Doc. 30 at 18-24.

<u>Third-Party Claims:</u>

1) claim by all Defendants against Third-Party Defendants Sens and Morice for violations of Louisiana Unfair Trade Practices Act ("LUTPA");

2) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for breach of fiduciary duties and due care;

3) claim by Defendant Ruhl against Third-Party Defendant Morice for defamation;

4) claim by Defendant Ruhl against Third-Party Defendant Sens for breach of contract;

5) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for unjust enrichment;

6) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional infliction of emotional distress;

7) claim by Defendant Ruhl against Third-Party Defendant Sens for fraud;

8) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for conversion;

9) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for member derivative rights;

10) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional interference with a contract; and

11) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for an accounting of CLS.

R. Doc. 30 at 18-24.

## II.     PRESENT MOTION

Third-Party Defendants move to strike the claims brought by Defendants/Third-Party Plaintiffs as improperly impleaded. R. Doc. 48. Third-Party Defendants argue that they have not been properly impleaded under Rule 14 because Defendants/Third-Party Plaintiffs' claims are not contingent upon the Plaintiffs' claims against Defendants. R. Doc. 48-1 at 5. Third-Party Defendants argue that Defendants/Third-Party Plaintiffs claims can succeed or fail regardless of

the outcome of the original lawsuit. R. Doc. 48-1 at 5-6. Additionally, Third-Party Defendants allege that Defendants/Third-Party Plaintiffs have not alleged that their claims are derivative of the claims in the underlying lawsuit. R. Doc. 48-1 at 5. Therefore, because these claims stand on their own, Third-Party Defendants argue that these claims should be stricken. R. Doc. 48.

Third-Party Plaintiffs respond in opposition arguing their claims against the Third-Party Defendants are derivative and arise out of the same facts as the underlying claims by Plaintiff CLS. R. Doc. 59 at 7. Third-Party Plaintiffs argue that the allegations made in their third-party complaint are the same as the defenses they have used against CLS's actions. R. Doc. 59 at 7. Therefore, they argue that a separate lawsuit would be duplicative and judicially inefficient. R. Doc. 59 at 8. However, if the Court determines that the requirements of Rule 14 have not been met, Third-Party Plaintiffs request that the Court sever their third-party complaint rather than strike it. R. Doc. 59 at 8.

## III.    LAW & ANALYSIS

Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The Fifth Circuit has discussed which claims may be properly raised by third-party complaints, and which may not. *See Southeast Mortg. Co. v. Mullins*, 514 F.2d 747 (5th Cir. 1975); *F.O. Majors v. Am. Nat'l Bank of Huntsville*, 426 F.2d 566 (5th Cir. 1970). Impleader is permitted "only when the third-party defendant's potential liability is dependent upon the outcome of the main claim." *Mullins*, 514 F.2d at 749. "[A]n entirely separate and independent claim may not be maintained against a third-party under Rule 14, 'even though it does rise out of the same general set of facts as the main claim.'" *Sunrise Dev., Inc. v. Carl E. Woodwad, Inc.*, 2004 WL 574719, at *2 (E.D. La. Mar. 22, 2004) (quoting *Mullins*, 514 F.2d at 749). The Fifth

Circuit held that the test is whether the third-party's liability was derived from outcome of the main claim:

> In most such cases it has been held that for impleader to be available the third-party defendant must be 'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.' Stating the same principle in different words, other authorities declare that the third-party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third-party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third-party be dependent upon the outcome of the main demand.

*Mullins*, 514 F.2d at 749. Furthermore, "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Shaw SSS Fabricators Inc. v. Reliant Energy Mid-Atlantic Power Holdings, LLC*, 2010 WL 5444877, at *2 (S.D. Tex. Dec. 28, 2010) (quoting 6 Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice & Procedure § 1446, at 433–34 (3d ed. 2010)).

Here, Third-Party Plaintiffs are attempting to rely on the fact that their claims arise from the same situation as the original claim for impleader under Rule 14. This is not sufficient. Third-Party Plaintiffs' claims that Third-Party Defendants have deprived them of work, breached fiduciary duties and contracts, defamed them, and converted membership interest and salary. These claims are certainly related to the claims in the original complaint; they may even share facts with some defenses Third-Party Plaintiffs will use in response to the original complaint. However, these claims are not derived from the original claims because Third-Party Defendants cannot be secondarily liable to Third-Party Plaintiffs in their capacity as Defendants based on the attempted Third-Party claims. Accordingly, these claims have not been properly pled under Rule 14.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Third-Party Defendant's Motion to Strike, R. Doc. 48, is hereby **GRANTED** and all claims against Third-Party Defendants Spencer Sens and Natchez Morice, III are hereby **STRICKEN**:

2) claim by all Defendants against Third-Party Defendants Sens and Morice for violations of Louisiana Unfair Trade Practices Act ("LUTPA");

3) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for breach of fiduciary duties and due care;

4) claim by Defendant Ruhl against Third-Party Defendant Morice for defamation;

5) claim by Defendant Ruhl against Third-Party Defendant Sens for breach of contract;

6) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for unjust enrichment;

7) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional infliction of emotional distress;

8) claim by Defendant Ruhl against Third-Party Defendant Sens for fraud;

9) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for conversion;

10) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for member derivative rights;

11) claim by Defendant Ruhl against Third-Party Defendant Morice for intentional interference with a contract; and

12) claim by Defendant Ruhl against Third-Party Defendants Sens and Morice for an accounting of CLS.

New Orleans, Louisiana this 21st day of August, 2018.

UNITED STATES DISTRICT JUDGE