UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMPLETE LOGISTICAL SERVICES, LLC** | CIVIL ACTION |
| **VERSUS** | NO. 18-3799 |
| **DONALD RULH, JR. ET AL.** | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Defendant Donald Rulh's Objection to Magistrate Judge North's Order granting a Motion to Intervene filed by Movant Fowler Rodriguez, LLC ("Fowler Rodriguez"). R. Doc. 165. Movant has filed a response memorandum, R. Doc. 167, to which Defendant has filed a reply, R. Doc. 170.

### I. BACKGROUND

In the underlying action, Plaintiff Complete Logistical Services, LLC ("CLS"), a Louisiana LLC that provides contract labor to various marine industries, brings claims against Defendants Donald Rulh, Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris, alleging its former member, Defendant Rulh, breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and took confidential and proprietary information after he was removed from the LLC by its remaining members. R. Doc. 98 at 1–3. Based on these allegations, CLS brings claims against Defendants for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act ("CFA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. *Id.* at 3. CLS also seeks injunctive relief in the form of a declaratory judgment. *Id.* at 4.

On May 7, 2018, Defendants answered the complaint and filed counterclaims against CLS

and a third-party complaint against CLS members Spencer Sens and Natchez Morice, III. R. Doc. 30. In their counterclaim, Defendants claim CLS wrongfully seized information from them in violation of the Defend Trade Secrets Act and the Louisiana Unfair Trade Practices Act ("LUTPA"). Additionally, Mr. Rulh brings claims against CLS for breach of fiduciary duties and due care, breach of contract, unjust enrichment, conversion, and derivative action. Mr. Rulh also seeks an accounting of CLS. R. Doc. 30 at 18–24. On June 25, 2018, Plaintiff moved to dismiss Defendants' counterclaims, which the Court granted in part, dismissing Defendants' LUTPA claim and Defendant Rulh's claims for unjust enrichment, conversion, and derivative action. R. Doc. 93.

Up until this point in the litigation, Defendants were represented by Movant, Fowler Rodriguez. On August 10, 2018, however, Defendant Rulh filed a motion to substitute Randall Smith and Geoffrey Ormsby as counsel of record in place of Fowler Rodriguez, which the Court granted on August 13, 2018. R. Docs. 86, 89. On September 19, 2018, Fowler Rodriguez moved to withdraw as counsel for the remaining Defendants, which the Court granted on September 21, 2018. R. Docs. 106, 107.

I. PRESENT MOTION

On November 26, 2018, Fowler Rodriguez filed a motion seeking to intervene in the case, alleging Mr. Rulh had terminated the firm as counsel without paying any of the legal fees it had incurred. R. Doc. 144. In its motion to intervene, Fowler Rodriguez contends it held a contract with Mr. Rulh, pursuant to which Fowler Rodriguez would be paid attorney's fees on an hourly basis. *Id.* In filing its motion, Fowler Rodriguez seeks to recover its hourly fees from any monies awarded to Mr. Rulh based on his counterclaims against CLS. *Id.* The motion was referred to Magistrate Judge North who granted the motion following oral argument on December 14, 2018. R. Doc. 163. On December 27, 2018, Mr. Rulh objected to Judge North's decision, which is now before the Court. R. Doc. 165.

In his objection, Mr. Rulh argues Judge North's order is contrary to law, as Fowler Rodriguez has failed to meet the standard for intervention as a matter of right, nor has it met the standard for permissive intervention. *Id.* at 2. Mr. Rulh argues that, because Fowler Rodriguez's interest in hourly attorney's fees is unrelated to the underlying cause of action—namely the alleged misappropriation of trade secrets—Fowler Rodriguez may not intervene in this action. *Id.* at 6. In support of his argument, Mr. Rulh points to *Premier, Inc. v. Commercial Underwriters Insurance Co.*, No. 02–3199, 2004 WL 32918 (E.D. La. Jan. 5, 2004), in which the court distinguished between contingency fee-based payment arrangements and hourly fee-based payments, concluding that, although the former entitles a discharged attorney to intervene as a matter of right, the latter does not. *Id.* at *3. Thus, Mr. Rulh contends, Judge North's order allowing Fowler Rodriguez to intervene based on an hourly fee contract is contrary to *Premier* and its progeny and therefore must be overturned.

In opposition, Fowler Rodriguez first argues *Premier* is not in conflict with *State Farm Fire & Casualty Co. v. Black & Decker, Inc.*, No. 02-CV-1154, 2003 WL 22966373 (E.D. La. Dec. 10, 2003), the case upon which Judge North based his order granting Fowler Rodriguez's intervention. R. Doc. 167 at 4; *see* R. Doc. 163 at 1. It contends *Premier* and *Black & Decker* both "stand[] for the assertion that attorneys who *claim* an interest should be allowed to intervene under Rule 24(a) to attempt to prove that interest," and that "[i]n *Premiere*, the court found that the attorney had failed to prove that interest." *Id.* Thus, according to Fowler Rodriguez, Judge North's order is not contrary to law, as "[t]he gist of Magistrate Judge North's ruling was that Fowler Rodriguez should at least be given the opportunity to prove that it has a protectable interest, and that it should be allowed to intervene and attempt to prove its interest at this stage in the litigation." *Id.* Next, Fowler Rodriguez argues it has alleged an interest in the underlying litigation "because it shares with the main action a common question of law or fact. Namely,

[whether] Donald Rulh, Jr. [is] entitled to recover against Complete Logistical Services, LLC." *Id.* at 6. Finally, Fowler Rodriguez emphasizes that "[t]he standard of review to overturn a [magistrate judge's] decision . . . is extremely high," and argues that, even though Judge North rejected its assertion, Fowler Rodriguez maintains "it has the right to the funds under La. R.S. § 37:218 and/or La. R.S. § 9:5001 because its hourly fees were 'fixed.'" *Id.* at 5–6.

In reply, Mr. Rulh disputes whether *Premiere* and *Black & Decker* do not conflict, noting that "[t]he inquiry surrounding a former counsel's right to intervene has always centered on the nature of the fee agreement," not whether the intervener has simply alleged an interest in the underlying litigation. R. Doc. 170 at 3. Mr. Rulh also addresses whether an hourly-based fee can ever be considered a "fixed" fee, pointing to *Gupta v. Merrill Lynch*, No. 12-1787, 2016 WL 9582819, at *1 (E.D. La. Sept. 30, 2016), in which this court "soundly rejected" that argument, stating, "Fees paid on an hourly basis are by their nature neither fixed nor contingent." R. Doc. 170 at 4 (quoting *Gupta*, 2016 WL 9582819, at *1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that a district judge must review a magistrate judge's decision on a non-dispositive motion and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *Black & Decker*, 2003 WL 22966373, at *1. "A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or [the reviewing] court is convinced that the findings are against the preponderance of credible testimony." *Bd. of Trs. New Orleans Employers Intern. Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008). "A magistrate judge's decision is contrary to law if it applies an incorrect legal standard, fails to consider an element of the applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." 8 FEDERAL PROCEDURE,

4

LAWYERS EDITION § 20:197 (Dec. 2018) (citing *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452 (D. Ariz. 2012); *Botta v. Barnhart*, 475 F. Supp. 2d 174 (E.D. N.Y. 2007)).

**III. DISCUSSION**

Under the Federal Rules of Civil Procedure, there are two means by which a movant may intervene in a civil case. The Court reviews each standard in turn.

**a. Intervention of Right**

Under Federal Rule of Civil Procedure 24(a), a party is entitled to an intervention of right if: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). However, "intervention as a matter of right cannot rest on an interest that is remote or collateral to the main action." *League of United Latin American Citizens v. Clements*, 884 F.2d 185, 188 (5th Cir. 1989).

Here, Defendant argues the second element, whether the movant has stated a legal interest in the case, is not met. In his ruling granting Fowler Rodriguez's motion to intervene, the magistrate judge relied on *Black & Decker* stating,

> [I]rrespective of whether LSA-R.S. 37:218 applies to fees billed on an hourly basis, *Kreger v. General Steel Corp.*, No. 07-CV-0575, 2008 WL 11353671 at *2 (E.D. La. Oct. 10, 2018), in light of the counterclaim asserted herein there is a potential for recovery by the Defendant as to which movant should at least be afforded the opportunity to establish its interest under Rule 24. *State Farm Fire and Casualty Co. v. Black & Decker, Inc.*, No. 02-CV-1154, 2003 WL 22966373 (E.D. La. Dec. 10, 2003).

R. Doc. 163 at 1. In *Black & Decker* the movant, Milling, sought to intervene in a case in which Foster, who formally had a fee-sharing arrangement with Milling, represented the plaintiff on a contingency fee basis. After the motion was referred, the magistrate judge found that, because

there was "no provision in the contract [between the Milling and Foster] which suggests that the fees earned by Foster would be turned over to Milling," Milling did not have an interest in the underlying litigation's outcome. 2003 WL 22966373, at *1, *3. On review, the district court judge rescinded the magistrate judge's order denying Milling's motion to intervene, explaining that Milling "should be provided an opportunity to prove the existence of a *fee sharing arrangement*." 2003 WL 22966373, at *3. Thus, because Foster's fee arrangement with the plaintiff was contingency based, and Milling alleged it had an interest in that fee based on its alleged fee-sharing arrangement with Foster, the Court concluded Milling had a right to intervene.

One year after it issued its order in *Black & Decker*, the court in *Premier, Inc. v. Commercial Underwriters Insurance Co.* considered whether a discharged attorney asserting an interest in the underlying litigation based on her hourly fee arrangement with the plaintiff had a right to intervene in the case. 2004 WL 32918, at *3. There, the Court distinguished between contingency-based fees and fees based on an hourly-rate, denying the movant's motion, explaining that, because the movant's payment arrangement with the plaintiff was based on an hourly fee, she had not asserted an interest in the underlying litigation, as whether she was entitled to fees for her work did not depend on the plaintiff's success in the case. Thus, because "[t]here was no agreement that [the movant] would receive part of any fees that may be granted by the Court upon the resolution of the . . . matter," the movant "ha[d] not asserted a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the controversy." 2004 WL 32918, at *3.

In this case, Fowler Rodriguez has not alleged an interest in the underlying litigation, as its compensation arrangement with Mr. Rulh is not based on a contingency fee, but rather Fowler Rodriguez's claim is based on its allegation that Mr. Rulh agreed to pay Fowler Rodriguez on an hourly basis. Thus, like the court did in *Premier*, the Court concludes Fowler Rodriguez has

6

failed to meet the standard for intervention as a right, as Fowler Rodriguez's entitlement to attorneys' fees is not contingent upon Mr. Rulhs success in the underlying litigation. As a result, the magistrate judge's order granting Fowler Rodriguez's motion to intervene as a matter of right is contrary to law. The Court therefore considers whether Fowler Rodriguez has established the requirements necessary for permissive intervention.

### a. Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law and fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2).

Courts in this circuit undergo a two-step process in determining whether to grant a permissible intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common." *Mac Sales Inc., et al. v. E.I. Dupont de Nemours*, No. 89-45712, 1995 WL 581790, *4 (E.D. La. Sept. 29, 1995). Thereafter, the Court must exercise its discretion to determine if permissive intervention should be allowed. *See New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'" *Id.* (quoting 7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL § 1913 at 551 (3d ed. 2018)). In acting on a request for permissive intervention, it is proper to consider, among other things, "whether the intervenors' interests are adequately represented by other

7

parties" and whether they "will significantly contribute to full development of the underlying factual issues in the suit." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *United States Postal Service v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978).

In this case, the Court will permit Fowler Rodriguez's intervention. The questions of law and fact Fowler Rodriguez seeks to bring are sufficiently similar and connected to those currently pending before the Court, and intervention will not unduly delay the adjudication of the original parties' rights. Moreover, although Fowler Rodriguez's interests likely will not contribute significantly to the development of the underlying factual issues of the main action, no other party to this action adequately represents Fowler Rodriguez's interests. The Court having presided over this and other related actions since their inception is uniquely situated to determine whether Fowler Rodriguez is entitled to attorneys' fees, even if Mr. Rulh agreed to pay those fees on an hourly— and not contingency fee—basis. As a result, the Court concludes Fowler Rodriguez has met the standard for permissive intervention and the Court will affirm the magistrate judge's order granting Fowler Rodriguez's intervention on that basis.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Magistrate Judge North's order granting Movant Fowler Rodriguez, LLC's Motion to Intervene. R. Doc. 163.

**IT IS ORDERED** that Movant Fowler Rodriguez, LLC's Motion to Intervene, R. Doc. 144, be and hereby is **GRANTED**. Accordingly, Defendant Donald Rulh's Objection to Magistrate Judge North's Order, R. Doc. 165, is hereby **OVERRULED**.

New Orleans, Louisiana on this 11th day of February, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge