IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWANA HARRIS** <br><br> and <br><br> **ALICIA CELESTINE** <br><br> Plaintiffs, <br><br> v. <br><br> **COMPLETE LOGISTICAL SERVICES, LLC,** <br> a Louisiana limited liability company, <br><br> and <br><br> **SPENCER SENS,** <br><br> Defendants. | Case No. _____ |

## COMPLAINT

COME NOW Plaintiffs SHAWANA HARRIS ("Harris") and ALICIA CELESTINE ("Celestine") (Harris and Celestine collectively referred to herein as the "Plaintiffs"), by and through their undersigned counsel, and file this Complaint for violation of the Fair Labor Standards Act against Defendants COMPLETE LOGISTICAL SERVICES, LLC, a Louisiana limited liability company ("CLS"), and SPENCER SENS ("Sens") (CLS and Sens collectively referred to herein as the "Defendants") and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiffs, who were employed by Defendants from sometime prior to

June 2015 through March 21, 2018, bring this action against CLS and Sens to redress the deprivation of rights secured to Plaintiffs by the minimum wage and maximum hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA"). Plaintiff Harris also brings an action personally against Defendant Sens for assault and battery and intentional infliction of emotional distress under Louisiana State law.

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce." This Court has supplemental jurisdiction over the Louisiana state law claims raised hereunder pursuant to 28 U.S.C. §1367 because the claims are part of the same case or controversy as the FLSA claims over which the court has original jurisdiction.

3. Venue is proper with this Court under 28 U.S.C. §1391(b)(1) because Defendants reside in this district and the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiffs are and were residents of the Parish of Lafayette, Louisiana, with Plaintiff Harris residing at 127 Benton Drive, Lafayette, LA 70507, and Plaintiff Celestine residing at 312 Haig Street, Lafayette, LA 70501.

5. At all times material hereto, CLS was a company doing business in

2

Louisiana with its current business address at 4400 Poche Court West, New Orleans, Louisiana, 70129 in the Parish or Orleans, Louisiana, within the jurisdiction and district of this Court.

6. During the time period from prior to June 2015 through to March 21, 2018, CLS employed the Plaintiffs as "at-will", nonexempt, employees, having employed Harris from prior to June 2015 to March 21, 2015, and Celestine from prior to June 2015 to April 6, 2017.

7. Plaintiffs are informed and believe and hereby allege that at all times material hereto, Defendant Sens was a resident of the Parish of Orleans, Louisiana.

8. At all times material hereto, Defendant Sens was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiffs within the meaning of 29 U.S.C. §203(d) in that Defendant Sens was the Managing Member of Defendant CLS and acted directly in the interest of CLS in relation to its employees, including Plaintiffs and other employees.

9. Plaintiffs are informed and believe and hereby allege that during the relevant time periods material hereto, CLS's gross annual revenues were in excess of $500,000.00 and is thus subject to the FLSA. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that

3

[defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

10. At all times material hereto, CLS was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, CLS operated a logistical services company for the offshore maritime industry, and is thus subject to the FLSA.

11. By reason of the foregoing, CLS was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

12. At all times material hereto, Plaintiffs in performing their job duties were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiffs was directly essential to the business of CLS, i.e., working as a logistics specialist and/or a data entry specialist for CLS, which was directly essential to the business operated by CLS. Furthermore, Plaintiffs were engaged in interstate commerce because Plaintiffs regularly and recurrently handled transactions that involved goods and customers outside of the State of Louisiana. See 29 C.F.R. §779.114.

13. As a logistics specialist Plaintiff Harris was paid a salary of $59,000 per year or approximately $1,134 per week for all hours worked per week during her entire employment with Defendants. Plaintiff Celestine was paid an hourly wage of $12.00 per hour for the hours under 40 per week that she worked, although she was not paid for all of the hours that she worked under forty (40) per week. However,

4

neither of the Plaintiffs were paid for the hours over forty (40) per week that they worked.

14. At all times material hereto, Plaintiffs did not have a clear understanding as to how they were to be compensated with respect to their work and, in particular, the hours that they worked over forty (40) per week.

15. On or about March 21, 2018, Plaintiff Harris' employment with CLS was terminated by Defendant SENS in an extremely violent and aggressive manner.

16. Specifically, on March 21, 2018, Defendant Sens went to the company's office at 1610 Saint Etienne Road, Broussard, Louisiana, where Plaintiff Harris was working and, after Defendant Sens walked in to the office, saw Plaintiff Harris on the telephone and told her to hang up the telephone and that her employment was being terminated effective immediately.

17. Plaintiff Harris was scared, frightened and apprehensive by the conduct of Defendant Sens, but managed to tell Defendant Sens that she would need to pack up her things and leave, at which point Defendant Sens picked up a cardboard box, dumped everything that was inside the box and began throwing all of Plaintiff Harris' personal belonging that were on her desk in the box, such as photos, radio, and other personal items. Some of the personal items broke due to being thrown in the box so violently.

18. Plaintiff Harris then reached for the company cell phone that she used for her work and informed Defendant Sens that she would need to delete all of her personal items in the cell phone, at which point Defendant Sens said that everything

5

in the office belongs to him and lunged at her and forcefully and with violence wrenched the cell phone from Plaintiff Harris' hand, breaking three of her fingernails in the process and bruising her hand, causing her to bleed.

19. After the assault, Plaintiff Harris was shocked and feared for her safety, at which point Defendant Sens seeing the damage that he had caused returned the cell phone to Plaintiff Harris and allowed Plaintiff Harris to delete her personal items from the cell phone.

20. Plaintiff Harris left the office, but was so scared after the violent incident that she could not drive her car and sat in her car for several minutes to gain her composure.

## COUNT I
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS
(Against Defendants CLS and Sens)

21. Plaintiffs reallege and reaffirm Paragraphs 1 through 20 as if fully set out in this Count I.

22. During the period of time from prior to June 2015 to March 21, 2018, Plaintiff Harris worked as a logistical specialist for Defendants, and during the period of time from prior to June 2015 to April 6, 2017, Plaintiff Celestine worked as a data entry specialist for Defendants CLS and Sens.

23. During the mentioned period of time, Plaintiffs worked as much as eighty (80) hours per week for the Defendants.

24. During the mentioned period of time, Plaintiffs were not paid any overtime compensation for the hours that they worked over forty (40) per week.

25. As such, Plaintiffs are owed overtime compensation, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that they worked over forty (40) per week.

26. Defendants knew or should have known that Plaintiffs suffered or were permitted to work for CLS as defined in 29 U.S.C. §203(g) more than forty (40) hours per week.

27. Defendants failed and/or refused to compensate Plaintiffs for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

28. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

29. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c) Awarding Plaintiffs compensation for all hours that they worked for Defendants, but for which they were not compensated at the statutory federally mandated overtime wages;

(d) Awarding Plaintiffs liquidated damages;

(e) Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

COUNT II
VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
THE FAIR LABOR STANDARDS ACT BY DEFENDANTS
(Against Defendants CLS and Sens)

30. Plaintiff Celestine realleges and reaffirms Paragraphs 1 through 20 as if fully set out in this Count II.

31. During the period of time from prior to June 2015 to April 6, 2017 Plaintiff Celestine worked as a data entry specialist for Defendants CLS and Sens.

32. During the mentioned period of time, Plaintiff Celestine worked at least forty (40) hours per week and, as stated above, as much as eighty (80) hours per week for the Defendants.

FOWLER RODRIGUEZ LLP
400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130 • TEL: (504) 523-2600 / FAX: (504) 523-2705

33. During the mentioned period of time, Plaintiff Celestine was not paid the federally mandated minimum wage for all of the hours that she worked under forty (40) per week.

34. As such, Plaintiff Celestine is owed the minimum wage, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that she worked but was not paid.

35. Defendants knew or should have known that Plaintiff Celestine suffered or was permitted to work for CLS as defined in 29 U.S.C. §203(g) at least forty (40) hours per week.

36. Defendants failed and/or refused to compensate Plaintiff for such work at the federally mandated minimum wage, contrary to the provisions of 29 U.S.C. §207(a).

37. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

38. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff Celestine.

WHEREFORE, Plaintiff Celestine respectfully requests that a judgment be entered in her favor against Defendants as follows:

FOWLER RODRIGUEZ LLP
400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130 • TEL: (504) 523-2600 / FAX: (504) 523-2705

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c) Awarding Plaintiff Celestine compensation for all hours the hours that she worked for Defendants, but for which she was not compensated at the statutory federally mandated minimum wage;

(d) Awarding Plaintiff Celestine liquidated damages;

(e) Awarding Plaintiff Celestine reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

COUNT III
ASSAULT AND BATTERY
(Against Defendant Sens)

39. Plaintiff Harris realleges and reaffirms Paragraphs 1 through 20 above as if fully set out in this Count III.

40. Defendant Sens without proper grounds, willfully and maliciously attacked Plaintiff Harris in the office without just cause and broke Plaintiff Harris' fingernail and caused injury to Plaintiff's hand. The injuries suffered by the Plaintiff Harris were inflicted while she was presenting no immediate threat to anyone.

41. As a direct and proximate result of the willful, wanton, malicious and intentional actions of Defendant Sens, the Plaintiff suffered severe injury to her hand and fingernails, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff Harris demands judgment against Defendant Sens in the amount to be determined by this Court.

## COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Sens)

42. Plaintiff Harris realleges and reaffirms Paragraphs 1 through 20 above as if fully set out in this Count IV.

43. Defendant Sens intentionally caused severe emotional distress to Plaintiff Harris by his willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a senseless physical attack upon the person of the Plaintiff Harris which directly led to the injuries suffered by Plaintiff Harris.

44. The actions of Defendant Sens go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

45. That the aforesaid actions by said Defendant Sens was so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

46. As a direct and proximate result of the Defendant's extremely, reckless and indifferent conduct, Plaintiff Harris suffered severe pain, emotional distress, mental anguish and physical injuries as the result of the attack by Defendant Sens.

FOWLER RODRIGUEZ LLP
400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130 • TEL: (504) 523-2600 / FAX: (504) 523-2705

WHEREFORE, Plaintiff Harris demands judgment against Defendant Sens in the amount to be determined by this Court.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

47. Plaintiffs by and through their undersigned counsel, hereby demand a jury trial of all issues so triable.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants as stated above.

Respectfully submitted this 14th day of June, 2018.

FOWLER RODRIGUEZ LLP

By: s/George J. Fowler, III
George J. Fowler, III, Esq.
(La. Bar No. 5798)
E-Mail: fow@frfirm.com
Ashley E. Bane, Esq.
(La. Bar No. 35640)
E-Mail: abane@frfirm.com
Caroline J. Sanches, Esq.
(La. Bar No. 37295)

George J. Fowler, III, Esq.
Ashley E. Bane, Esq.
Caroline J. Sanches, Esq.
FOWLER RODRIGUEZ LLP
400 Poydras Street
30th Floor
New Orleans, Louisiana 70130
Telephone: (504) 523-2600
Facsimile: (504) 523-2705
Attorneys for Plaintiffs

FOWLER RODRIGUEZ LLP
400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130 • TEL: (504) 523-2600 / FAX: (504) 523-2705

**TOP DEFINITION**

# mac daddy

"**Mac Daddy**" or Mack Daddy, is a term used to describe a **man** with an unusual power over women, and is derived from the French and later Louisiana Creole patois term "maqereau", which means "**pimp**". Adding "**daddy**" makes it **mean** "top pimp". The '70's black-exploitation movie "The Mack", a dramatization of the life of a street pimp, furthered the popularity of the term in **urban** America. This use of "**mac**" is quite different from the Scottish/Gaelic term "mac" (son of) used to address an unknown man.

*Freddy got five chicks on **the south side alone**... he 'da mac daddy!*

#pimp #player #hustler #gigolo #rapper

by J.L.G. 789 January 30, 2006



**TOP DEFINITION**

# mac daddy

"Mac Daddy" or Mack Daddy, is a term used to describe a man with an unusual power over women, and is derived from the French and later Louisiana Creole patois term "maqereau", which means "pimp". Adding "daddy" makes it mean "top pimp". The '70's black-exploitation movie "The Mack", a dramatization of the life of a street pimp, furthered the popularity of the term in urban America. This use of "mac" is quite different from the Scottish/Gaelic term "mac" (son of) used to address an unknown man.

*Freddy got five chicks on the south side alone... he 'da mac daddy!*

#pimp #player #hustler #gigolo #rapper

by **J.L.G. 789** January 30, 2006







5 likes

**c_logistical** In honor of #InternationalWomensDay, Complete Logistical Services would like to honor these ladies for their continued support and dedication. Ladies, your hard work and devotion to CLS does not go unnoticed. Cheers to you!

MARCH 8

