# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMPLETE LOGISTICAL SERVICES, LLC** | CIVIL ACTION |
| **VERSUS** | NO. 18-3799 |
| **DONALD RULH, JR. ET AL** | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Defendant Donald Rulh's Motion for Reconsideration of the Court's Order Affirming Magistrate Judge North's Order granting a Motion to Intervene filed by Movant Fowler Rodriguez, LLC ("Fowler"). R. Doc. 190. The motion is unopposed.

## I. BACKGROUND

In the underlying action, Plaintiff Complete Logistical Services, LLC ("CLS"), a Louisiana LLC that provides contract labor to various marine industries, brings claims against Defendants Donald Rulh, Arnold Baker, Morris Kahn, Michelle Elwell, and Shawana Harris, alleging its former member, Defendant Rulh, breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and took confidential and proprietary information after he was removed from the LLC by its remaining members. R. Doc. 98 at 1–3. Based on these allegations, CLS brings claims against Defendants for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act ("CFA"); Louisiana Unfair Trade Practices Act ("LUTPA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. *Id.* at 3. CLS also seeks injunctive relief in the form of a declaratory judgment. *Id.* at 4.

On May 7, 2018, Defendants answered the complaint and filed counterclaims against

CLS and a third-party complaint against CLS members Spencer Sens and Natchez Morice, III. R. Doc. 30. In their counterclaim, Defendants claim CLS wrongfully seized information from them in violation of the Defend Trade Secrets Act and the Louisiana Unfair Trade Practices Act ("LUTPA"). Additionally, Mr. Rulh brings claims against CLS for breach of fiduciary duties and due care, breach of contract, unjust enrichment, conversion, and derivative action. Mr. Rulh also seeks an accounting of CLS. R. Doc. 30 at 18–24. On June 25, 2018, Plaintiff moved to dismiss Defendants' counterclaims, which the Court granted in part, dismissing Defendants' LUTPA claim and Defendant Rulh's claims for unjust enrichment, conversion, and derivative action. R. Doc. 93.

Up until this point in the litigation, Defendants were represented by Movant, Fowler. On August 10, 2018, however, Defendant Rulh filed a motion to substitute Randall Smith and Geoffrey Ormsby as counsel of record in place of Fowler, which the Court granted on August 13, 2018. R. Docs. 86, 89. On September 19, 2018, Fowler moved to withdraw as counsel for the remaining Defendants, which the Court granted on September 21, 2018. R. Docs. 106, 107.

On November 26, 2018, Fowler filed a motion seeking to intervene in the case, alleging Mr. Rulh had terminated the firm as counsel without paying any of the legal fees it had incurred. R. Doc. 144. In its motion to intervene, Fowler stated it held a contract with Mr. Rulh, pursuant to which Fowler would be paid attorney's fees on an hourly basis. *Id.* In filing its motion, Fowler seeks to recover its hourly fees from any monies awarded to Mr. Rulh based on his counterclaims against CLS. *Id.* The motion was referred to Magistrate Judge North who granted the motion following oral argument on December 14, 2018. R. Doc. 163. On December 27, 2018, Mr. Rulh objected to Judge North's decision. R. Doc. 165. On February 12, 2019, the Court affirmed Judge North's order. Although to Court held Fowler's intervention could not be sustained as a matter of right, the Court exercised its discretion to grant a permissive

intervention. R. Doc. 184.

I. **PRESENT MOTION**

On March 12, 2019, Mr. Rulh filed a motion seeking reconsideration of the Court's order affirming Judge North's order granting Fowler's motion to intervene. R. Doc. 190. In his motion, Mr. Rulh argues this Court's order is contrary to law, as Fowler has failed to meet the standard for intervention as a matter of right, nor did it meet the standard for permissive intervention. *Id.* at 2. Mr. Rulh argues that, because Fowler's interest in hourly attorney's fees is unrelated to the underlying cause of action—namely the alleged misappropriation of trade secrets—Fowler may not intervene in this action. *Id.* at 6. According to Mr. Rulh, the Court's order granting Fowler's intervention was legally erroneous.

In support of his argument, as he did in his initial motion, Mr. Rulh again points to *Premier, Inc. v. Commercial Underwriters Insurance Co.*, No. 02–3199, 2004 WL 32918 (E.D. La. Jan. 5, 2004), in which the court distinguished between contingency fee-based payment arrangements and hourly fee-based payments, concluding that, although the former entitles a discharged attorney to intervene as a matter of right, the latter does not. *Id.* at *3. Although the Court discussed *Premier* at length in its order affirming Judge North, Mr. Rulh contends this Court "in ignoring to *Premier* could cite to no case in this or any other circuit permitting an intervention for the reasons espoused by Fowler Rodriguez, its decision to permit intervention was legal error." *Id.* at 5.

II. **LEGAL STANDARD**

Although the Federal Rules of Civil Procedure do no provide specifically for motions for reconsideration, in this Circuit, motions styled as motions for reconsideration are evaluated under Rules 54(b), 59, or 60. *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, No. 11-1659, 2014 WL 1365950, at *1 (E.D. La. Apr. 7, 2014). Because Rules 59 and 60 apply to final

judgments only, a motion to reconsider that challenges an interlocutory order is analyzed pursuant to Rule 54(b), which provides courts with "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Martikean v. United States*, No. 11-1774, 2014 WL 4631620, at *2 (N.D. Tex. Sept. 16, 2014) (quoting *Iturralde v. Shaw Group, Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013)); *Gulf Fleet Tiger Acquisition, LLC v. Thoma–Sea Ship Builders, LLC*, 282 F.R.D. 146, 151–52 (E.D. La. 2012).

Rule 54(b) permits this Court to reconsider an interlocutory order for any reasons it deems sufficient. *United States v. Randa*, 709 F.3d 472, 479 (5th Cir. 2013). Under Rule 54(b),

> District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b).

*Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). Courts in the Eastern District of Louisiana generally analyze motions to reconsider interlocutory orders in keeping with Rule 59(e). *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).

Specifically, courts consider whether: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Fairley v. Wal-Mart Stores, Inc.*, No. CV 15-0462, 2016 WL 2992534, at *2 (E.D. La. May 24, 2016).

### III. DISCUSSION

Under the Federal Rules of Civil Procedure, there are two means by which a movant may intervene in a civil case—as a matter of right or pursuant to a permissive intervention. Fed. R.

4

Civ. P. 24. In this case, the Court concluded Fowler could not intervene as a matter of right, but nevertheless exercised its discretion to grant Fowler a permissive intervention. R. Doc. 184.

Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law and fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

Courts in this circuit undergo a two-step process in determining whether to grant a permissible intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common." *Mac Sales Inc., et al. v. E.I. Dupont de Nemours*, No. 89-45712, 1995 WL 581790, *4 (E.D. La. Sept. 29, 1995). Thereafter, the Court must exercise its discretion to determine if permissive intervention should be allowed. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'" *Id.* (quoting 7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL § 1913 at 551 (3d ed. 2018)). In acting on a request for permissive intervention, it is proper to consider, among other things, "whether the intervenors' interests are adequately represented by other parties" and whether they "will significantly contribute to full development of the underlying factual issues in the suit." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *U.S. Postal Service v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978).

In its prior order, the Court held:

> In this case, the Court will permit Fowler Rodriguez's intervention. The questions of law and fact Fowler Rodriguez seeks to bring are sufficiently similar and connected to those currently pending before the Court, and intervention will not unduly delay the adjudication of the original parties' rights. Moreover, although Fowler Rodriguez's interests likely will not contribute significantly to the development of the underlying factual issues of the main action, no other party to this action adequately represents Fowler Rodriguez's interests. The Court having presided over this and other related actions since their inception is uniquely situated to determine whether Fowler Rodriguez is entitled to attorneys' fees, even if Mr. Rulh agreed to pay those fees on an hourly—and not contingency fee—basis. As a result, the Court concludes Fowler Rodriguez has met the standard for permissive intervention and the Court will affirm the magistrate judge's order granting Fowler Rodriguez's intervention on that basis.

R. Doc. 184 at 8.

Mr. Rulh contends the Court failed to identify any questions of law or fact common to the underlying breach of contract claim and Fowler's claim for hourly attorneys' fees, as regardless of whether Mr. Rulh is successful in his counterclaim against CLS, Fowler may make a claim for attorneys' fees for the work it performed. The Court agrees. Although the Court finds it is in the best position to consider whether and to what extent Fowler is entitled to attorneys' fees for the work it performed for Mr. Rulh, the issues of law and fact presented in such a case do no overlap with the underlying action.

Because there are no questions of law or fact common to the main action, the Court need not consider whether Fowler's interests are adequately represented or if Fowler's interests contribute significantly to the development of the underlying factual issues of the main action. Because Fowler has not met the standard for permissive intervention and the Court previously concluded Fowler does not meet the requirements of intervention as a right, the Court concludes the magistrate judge's order granting Fowler leave to intervene is contrary to law and therefore will vacate the order and deny Fowler's motion to intervene. Accordingly, the Court will grant Mr. Rulh's motion seeking reconsideration.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Donald Rulh's motion seeking reconsideration, R. Doc. 190, be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's prior order affirming Magistrate Judge North's Order granting Movant Fowler Rodriguez, LLC's Motion to Intervene, R. Doc. 184, be and hereby is **VACATED**.

**IT IS FURTHER ORDERED** that Magistrate Judge North's Order granting Movant Fowler Rodriguez, LLC's Motion to Intervene, R. Doc. 163, be and hereby is **VACATED**.

**IT IS FURTHER ORDERED** that Fowler's Motion to Intervene, R. Doc. 144, be and hereby is **DENIED**.

New Orleans, Louisiana on this 10th day of April, 2019.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Eldon E. Fallon
　　　　　　　　　　　　　　　　　　　　　United States District Judge