UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| COMPLETE LOGISTICAL SERVICES, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-3799 |
| DONALD RULH, JR. ET AL | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Defendant Donald Rulh's motion to strike Plaintiff's expert report as untimely. R. Doc. 280. Plaintiff Complete Logistical Services, LLC ("CLS") opposes the motion. R. Doc. 293. Mr. Rulh has filed a reply. R. Doc. 298. The Court rules as follows.

### I. BACKGROUND

CLS provides contract labor to various marine industries. It alleges its former member, Defendant Rulh, breached his fiduciary duties to CLS, misappropriated CLS' assets, damaged CLS' image, and took confidential and proprietary information after he was removed from the LLC by its remaining members. R. Doc. 98 at 1–3.

In its verified complaint, CLS alleges that, as a result of Mr. Rulh's allegedly egregious conduct—specifically, his failing to collect payments from clients; refusing to reimburse the LLC for money he borrowed to refinance his private home; arriving intoxicated to company events; and changing the locks on the CLS office without first discussing the matter with the other LLC members—the other three members of CLS voted to treat Mr. Rulh as "an assignee of the Company," thereby revoking his authority to manage the business or act unilaterally on its behalf. R. Doc. 98 at 4–6. CLS alleges that after Mr. Rulh was stripped of this authority, he stole from CLS confidential information including financial statements, customer lists, and sales records while the other members were at a company crawfish boil. R. Doc. 98 at 8. According to CLS,

1

these documents were printed, scanned, and then emailed to Mr. Rulh's personal email account. R. Doc. 98 at 8. CLS further alleges Mr. Rulh took this information intending to start a competing business with his co-Defendants.[1] In support of this allegation, CLS points to a non-disclosure agreement between the Defendants, which CLS included as an attachment to its complaint. R. Doc. 98-5. Additionally, Plaintiff alleges Mr. Rulh took $222,000.00 from the LLC's bank account without authorization on December 6, 2017, "essentially depleting the account completely." R. Doc. 98 at 1.

Based on these allegations, CLS brings claims against Mr. Rulh for violations of the Defend Trade Secrets Act ("DTSA"); Louisiana Uniform Trade Secrets Act ("LUTSA"); Computer Fraud and Abuse Act ("CFA"); Louisiana Unfair Trade Practices Act ("LUTPA"); and for unjust enrichment; breach of fiduciary duties, duty of loyalty, and duty of due care; conversion; conspiracy; and fraud. R. Doc. 98 at 3. CLS also seeks injunctive relief. R. Doc. 98 at 4. Moreover, CLS submits that, after it initially filed suit, its remaining members "availed themselves of their rights in the CLS Operating Agreement to expel Mr. Rulh from CLS membership"; as a result, Mr. Rulh is no longer an assignee of the company, but a non-member. R. Doc. 98 at 4. In its amended complaint, Plaintiff seeks a declaration "that the expulsion proceedings were proper in all respects and confirming that Mr. Rulh is no longer a member of CLS." R. Doc. 98 at 4.

## II. PRESENT MOTION

On March 4, 2019, CLS served Mr. Rulh with the expert report of Jason MacMorran (the "MacMorran Report"). On April 3, 2019, Mr. Rulh produced an expert report from Mr. Athen Sweet (the "Sweet Report"). On April 30, 2019, CLS provided Mr. Rulh with an additional report prepared by Mr. MacMorran entitled "Review and Rebuttal of the Report of Athen Sweet"

---

[1] On April 1, 2019, as a result of ongoing negotiations among the Court and the parties, a settlement agreement was reached between Plaintiff and Defendants Arnold Baker, Morris Kahn, and Michele Elwell. R. Doc. 197.

(the "Second MacMorran Report"). On May 16, 2019, Mr. Rulh filed a motion seeking to strike the Second MacMorran Report as untimely. R. Doc. 280.

In support of his motion to strike, Mr. Rulh argues the Second MacMorran Report is untimely, as it was filed after March 4, 2019, the deadline for Plaintiff's expert reports as established by this Court's scheduling order. *Id.* at 1–2. He argues the contents of the report cannot be considered a rebuttal to the Sweet Report; rather, he submits the Second MacMorran Report is a supplement to his original report. *Id.* at 7. Moreover, Mr. Rulh contends the timing of the Second MacMorran Report "makes clear that CLS planned to surprise Mr. Rulh" with the report, as it was provided to him on the same day as the Court's deadline for *Daubert* motions. *Id.* at 8. Thus, Mr. Rulh contends "CLS intentionally waited until it was too late for Mr. Rulh to file a *Daubert* motion before offering [the Second MacMorran Report]." *Id.* at 4. Finally, Mr. Rulh states, "CLS offers no legitimate reason for its failure to offer Mr. MacMorran's new opinions in a timely fashion." *Id.* at 6.

In opposition, CLS first points out that the Second MacMorran Report "references the Sweet Report more than 100 times in 24 pages." *Id.* at 4–5. CLS also points out that, throughout his motion, Mr. Rulh refers to the report as the "MacMorran Rebuttal." *Id.* at 4–5 & n.5. Thus, CLS contends, the Second MacMorran Report is properly considered a rebuttal report. *Id.* at 3. Further, CLS argues, because the Court's scheduling order does not contain a deadline for rebuttal reports, its timeliness is governed by Federal Rule of Civil Procedure 26(a)(2)(D). Thus, CLS submits, because the Second MacMorran Report was served within thirty days of disclosure of the Sweet Report, the report is timely pursuant to Rule 26(a)(2)(D). *Id.*

### III. LAW AND ANALYSIS

The Court first considers Mr. Rulh's contention that the Second MacMorran Report is merely supplemental and not properly considered a rebuttal to the Sweet Report. A rebuttal

report is a report "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

> To determine whether a disclosure is properly included under Rule 26(a)(2)(C) rather than under Rule 26(a)(2)(B), it will often be helpful to answer these three questions: First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-America, Inc. v. Serrot Intern., Inc.*, No. 300-1457, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

In this case, Mr. MacMorran's report, entitled "Review and Rebuttal of the Report of Athen Sweet," is undoubtedly a rebuttal report. First, the evidence the Second Report purports to rebut is Mr. Sweet's analysis of Mr. Rulh's proper expulsion price, including identifying: (1) errors in Mr. Sweet's discounted cash flow analysis, (2) errors in Mr. Sweet's guideline transactions analysis, and (3) errors in Mr. Sweet's Guideline Public Company analysis. R. Doc. 280-3 at 3. The subject matter of the Second MacMorran Report is the same as the Sweet Report. Finally, looking to the contents of the Second MacMorran report, it is clear that this report is intended solely to contradict or rebut Mr. Sweet's testimony.

Mr. Rulh next contends this Court's scheduling order does not permit CLS to offer any expert report, supplemental, rebuttal, or otherwise, after the Court's March 4, 2019 deadline. R. Doc. 280. According to Mr. Rulh, because the scheduling order does not set a specific deadline for rebuttal reports, such reports are not permitted at all. R. Doc. 297 at 4. According to the Court's scheduling order,

> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than March 4, 2019.

R. Doc. 135 at 2. Contrary to Mr. Rulh's assertion, the Court does not conclude the scheduling order's lack of a deadline for rebuttal reports means they are not permitted. *See Amway Corp. v. Procter & Gamble Co.*, No. 198-726, 2001 WL 1894431, at * 1 (W.D. Mich. Apr. 18, 2001).

Having found the Second MacMorran report is a rebuttal to the Sweet Report and that the Court's scheduling order is silent on the matter, the Court concludes the timeliness of the Second MacMorran report is governed by Federal Rule of Civil Procedure 26. Pursuant to Rule 26(a)(2)(D), unless otherwise ordered by the Court, disclosure of an expert's rebuttal report must be made "within 30 days after the other party's disclosure." Here, the Sweet Report was issued on April 3, 2019. CLS issued the Second MacMorran Report on April 30, 2019, less than thirty days after Mr. Rulh issued the Sweet Report. Accordingly, the Court will deny Mr. Rulh's motion to strike.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Donald Rulh's motion to strike, R. Doc. 280, be and hereby is **DENIED**.

New Orleans, Louisiana on this 3rd day of June, 2019.

					Eldon E. Fallon
					United States District Judge