UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COMPLETE LOGISTICAL SERVICES, LLC** | *<br>*<br>* | Civil Action No.: 18-3799 |
| | * | Judge: Eldon E. Fallon |
| **versus** | * | |
| | * | Magistrate Judge: Michael North |
| **DONALD RULH, JR.,** *et al.* | * | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

**MAY IT PLEASE THE COURT:**

Defendant/counterclaimant Donald Rulh, Jr. (hereinafter referred to as "Mr. Rulh") respectfully submits this *Memorandum in Support of Motion in Limine to Strike Impermissible Attorney Argument* and moves this Court grant his *Motion in Limine* and issue an Order, prohibiting CLS from introducing impermissible attorney argument in the absence of actual evidence on the topic of interpretation of the Operating Agreement. For this and the reasons set forth below, Mr. Rulh respectfully request that this Court grant the *Motion in Limine.*

**INTRODUCTION**

In discussions while formulating the Pre-Trial Order and, in particular, certain stipulations that would streamline certain issues for trial, CLS's counsel has indicated that it will seek to introduce argument at trial in the vein of following contention made by CLS in its Motion for Summary Judgment, pertaining to the interpretation of the CLS Operating Agreement:

> The Operating Agreement allows the expulsion of a member for only one reason: that the member engaged in "egregious" "conduct causing direct harm to the company." Because an expulsion price is only paid to a member that has caused direct harm to the company, it logically follows that such a member would be treated less favorably with respect to the calculation of his expulsion price than he would be in other contexts. In fact, that is precisely how the Operating Agreement is structured. When an innocent member's interest is redeemed by the company, the Operating Agreement requires that the innocent member be paid "the fair market value of the membership interest." Of course, this provision is evidence

>that, if the members of CLS desired to require that an offending member be paid the economic value of his interest, they could have included such a requirement in § 10.3. The fact that the members elected not to include such protections in § 10.3 is clear and unequivocal evidence that they did not intend to provide such protections.

CLS's counsel has conceded that it will offer no specific witness to support this argument, but that this this argument will be made by counsel during closing arguments. That such an attempt is violative of the rules of evidence as well as the rules of this Court is incontrovertible, and for CLS to cavil to the contrary is not in good faith. This matter was addressed by undersigned counsel with opposing counsel without success, thus necessitating the filing of the instant *Motion.*

## LAW & ARGUMENT

It is well-established that the statements and arguments of an attorney are intended only to assist in understanding the evidence and the parties' contentions and are not evidence of the facts or instructions on the law. *Learmonth v. Sears, Roebuck & Co.,* 631 F.3d 724, 732–33 (5th Cir.2011); *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 848 F.2d 613, 620 (5th Cir.1988); *In re Isbell Records, Inc.*, 774 F.3d 859, 872 (5th Cir. 2014); *Jackson v. CTB, Inc.*, No. CIV.A. 04-24-JJB, 2009 WL 3447282, at *4 (M.D. La. Oct. 23, 2009) ("attorney's statements were not evidence"); *see also, Raucci v. Town of Rotterdam,* 902 F.2d 1050, 1059 (2d Cir.1990). The Middle District of Louisiana has explicitly stated that "arguments of counsel should be confined to the questions in issue and **the evidence relating thereto**." *Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017) (citing *Solorio v. Atchison, T. & S. F. Ry. Co.*, 224 F.2d 544, 547 (10th Cir. 1955)) (emphasis added). Most glaringly, the Fifth Circuit Pattern Jury Instructions provide for the following jury charge: "Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown." 1.2 PATTERN JURY INSTRUCTIONS.

While this Court "may permit reasonable latitude in counsel's final arguments to the jury", counsel's "advocacy is circumscribed both by an attorney's own professional responsibility and the court's obligation to provide the parties a fair trial." *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 283 (5th Cir. 1975). If this Court were to allow CLS to circumvent the rules of evidence and rules of this Court by improperly offering attorney argument in lieu of actual evidence, this would not be providing Mr. Rulh his right to a fair trial. More specifically, if this Court were to permit such attorney argument, then this could have an unduly prejudicial effect on the jury, who would might indeed construe the impermissible attorney argument as evidence right before they retire to deliberate.

It is well established that, although relevant, a trial court may exclude evidence failing Rule 403 muster. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013) (citation omitted)). CLS's inappropriate attempts to offer attorney argument as evidence surely offends the dictates of Rule 403 and must be excluded. Although the proper jury instruction could ameliorate the probable prejudice of such an argument, at this juncture of the proceedings, this Court is well within its province to foreclose the anticipated, impermissible the attorney argument CLS desires to disguise as evidence. By taking action prior to trial, the possibility of prejudice is completely neutralized and Mr. Rulh's right to fair trial is preserved.

## **CONCLUSION**

For the foregoing reasons, Mr. Ruhl's *Motion in Limine to Strike Impermissible Attorney Argument* should be granted.

Respectfully submitted,

*/s/ J. Geoffrey Ormsby*
**RANDALL A. SMITH (#2117)**
**J. GEOFFREY ORMSBY, T.A (#24183)**
     **-OF-**
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205

*Counsel for Donald Rulh, Jr.*

4