## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COMPLETE LOGISTICAL SERVICES, LLC,** | * | **Civil Action No.: 18-3799** |
| Plaintiff | * | |
| | * | **Judge: Eldon E. Fallon** |
| **versus** | * | |
| | * | **Magistrate Judge: Michael North** |
| **DONALD RULH, JR., ARNOLD BAKER, MORRIS KAHN, MICHELLE ELWELL, and SHAWANA HARRIS,** | * | |
| Defendants. | * | |

_____

## OPPOSITION TO MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

Defendant/Counterclaimant, Donald Rulh, Jr. (hereinafter referred to as "Mr. Rulh"), respectfully submits this opposition to Complete Logistical Services LLC's (hereinafter referred to as "CLS") *Motion in Limine* (Doc. No. 318).

## ARGUMENT

I.  **As set forth in Mr. Rulh's *Motion in Limine to Strike Impermissible Attorney Argument*, CLS is attempting to inject the irrelevant issue of "direct harm" at trial of this matter, so Mr. Rulh cannot waive any argument that will serve to parry CLS's contention.**

Mr. Ruhl agrees with CLS that "any evidence regarding the reason for his expulsion is irrelevant." See Doc. 318-1, p. 2.  Likewise, Mr. Rulh agrees that the issues relating to evidence regarding expulsion is ripe for this Court's determination before trial.  The only issue before the jury is valuation of Mr. Rulh's membership interest.  Introduction of evidence relating to extraneous issues will only waste the Court's and jury's time and create the potential for confusion.

However, notwithstanding that Mr. Rulh is not challenging his expulsion, but only the value of his membership interest, CLS has refused to stipulate that its assertion of "direct harm" was no longer relevant.  Mr. Rulh attempted to eliminate any confusion regarding the issues

1

remaining for trial by suggesting that the parties stipulate that its assertion of "direct harm" was no longer relevant in view of Mr. Rulh's stipulation that he is not challenging his expulsion.  CLS refused.

As such, Mr. Rulh has had to keep this issue alive. CLS listed contested issues of fact that Mr. Rulh contends are irrelevant in view of the stipulation.  Mr. Rulh had to list these contested issues in response to CLS' assertions, so as not to risk some sort of waiver argument.  As argued in his *Motion in Limine to Strike Impermissible Attorney Argument* (Doc. No. 311), any evidence regarding Mr. Rulh's expulsion (except to the extent Mr. MacMorran's discusses the $222,000) should not be before the jury.   If the Court grants Mr. Rulh's *Motion in* Limine, then the relief sought by CLS and the evidence it seeks to exclude will indeed by irrelevant.  If CLS is prohibited from rehashing all of these things, Mr. Rulh does not need the evidence sought to be excluded.  However, at this juncture, CLS wants to have it both ways—to introduce irrelevant evidence regarding Rulh's conduct while prohibiting him from defending his actions.  If CLS attempts to characterize Mr. Rulh's conduct as wrongful and use his alleged bad acts as justification for its underpayment of Mr. Rulh, then Mr. Rulh is entitled to defend himself.  Nonetheless, Mr. Rulh agrees that this Court should assist the parties in simplifying the trial and prohibiting CLS from distracting the jury from the genuine issue to be determined at trial – how much Mr. Rulh should have been paid for his membership interest.

A.    **CLS' challenges to Mr. Sweet testimony are repetitive and untimely.**

CLS repeats many of the arguments made in its earlier Motions relating to Mr. Sweet's testimony.  Because this Court has already ruled regarding the scope of Mr. Sweet's testimony, CLS' arguments should be rejected.

**B.** **Mr. Sweet explicitly adopted some of Mr. MacMorran's findings and rejected others in crafting is own report and opinion.**

CLS falsely claims that "Mr. Sweet's report, however, does not contain any critique of Mr. MacMorran's opinions."  Doc. 318-1, p. 1.  To the contrary Mr. Sweet reviewed Mr. MacMorran's report (cited by Mr. Sweet as the "P&N report") in connection with the preparation of his own April 3, 2019 report (the "Report") and explicitly critiqued Mr. MacMorran's opinions in detail therein.  CLS did not attach Mr. Sweet's Report to its Memorandum to permit this Court's easy detection of CLS' false claim, instead noting that "Mr. Sweet's report is in the record under seal at Rec. Doc. 231-10."  Doc. 318-1, p. 5, fn. 9.  In the Report, Mr. Sweet states that he "relied, in part, on certain underlying data presented in the P&N report to craft this report." Report, p. 1.  Mr. Sweet's report repeatedly cites Mr. MacMorran's report (identified as the P&N report in Mr. Sweet's report) and the information contained therein.  Moreover, a complete copy of Mr. MacMorran's report is attached to Mr. Sweet's Report as an exhibit and is listed as one of the documents he used in forming the bases for his opinions.

In his Report and in his deposition, Mr. Sweet explained how and why he expressly relied on some of the information, methodology, data, and source material contained in Mr. MacMorran's report.  Mr. Sweet also explained how and why he did <u>not</u> adopt other information, methodology, data and source material utilized by Mr. MacMorran and why he believed those aspects of Mr. MacMorran's opinion are wrong and inappropriate.  In short, Mr. Sweet cannot explain his own methodology and opinions contained in his Report without explaining his agreement or disagreement with Mr. MacMorran's opinions.

Additionally, part of the reason that Mr. Sweet relied upon Mr. MacMorran for certain information was the fact that he did not have access to certain CLS documents or other financial information.  Thus, if CLS challenges his methodology, reliance upon incomplete information, or

reliance upon Mr. MacMorran at trial, Mr. Sweet must be able to defend his opinions and tell the jury that CLS did not provide certain information.  CLS cites no legal authority that would justify limiting Mr. Sweet's testimony in the manner suggested by CLS, editing the precise words that Mr. Sweet will use to characterize his opinions, or telling the jury only one side of the story.

This Court previously denied CLS's *Motion to Exclude the Testimony of Mr. Athen Sweet*. (Doc. 231).  The remainder of CLS' argument is a simple repackaging of the arguments previously rejected by the Court in its renewed Motion in Limine.  For the same reasons this Court denied CLS' prior Motion, and for the reasons detailed in Mr. Rulh's *Opposition to Plaintiff's Motion to Exclude Expert Testimony* (Doc. No. 255 ), which is fully incorporated herein, the instant *Motion* should be denied.

### III.    Mr. Coker is the only witness with first-hand knowledge regarding the reason for his departure; absent his live testimony to the ultimate factfinder, the jury, any evidence regarding his motivations is inadmissible.

CLS asks that this Court rely on Mr. Coker's sworn declaration and accept it as true as a matter of fact in order to exclude evidence relating to the reasons for his departure.  Mr. Coker's declaration is not evidence.  His credibility should be subject to cross-examination at trial before the jury.  If Mr. Coker testifies, he may state why he left CLS, subject to cross-examination. Absent his in-person testimony, any testimony regarding why he may have left is rank hearsay and speculative.

### IV.    Mr. Rulh is not seeking to recover his salary in this proceeding.

Considering its absence from the *Pre-Trial* Order, Mr. Rulh will not raise issue of his entitlement to overdue salary at trial of this matter, as that claim is also pending in a companion state court matter.  As such, Mr. Rulh does not oppose CLS's *Motion in Limine* in this particular regard.

4

Respectfully submitted,


*/s/ J. Geoffrey Ormsby*
**RANDALL A. SMITH (#2117)**
**J. GEOFFREY ORMSBY, T.A.  (#24183)**
     **-OF-**
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Telecopy: (504) 525-2205

**Counsel for Donald Rulh, Jr.**

5